NO. 4-08-0120          Filed 11/10/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|       Plaintiff-Appellee, | ) | Circuit Court of |
|       v. | ) | Champaign County |
| CRAIG J. BLANTON, | ) | No. 07CF488 |
|       Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harry E. Clem, |
| | ) | Judge Presiding. |

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In December 2007, a jury found defendant, Craig J. Blanton, guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)) and aggravated robbery (720 ILCS 5/18-5(a) (West 2006)). In January 2008, the trial court vacated the aggravated-robbery conviction under the one-act, one-crime rule and sentenced defendant to 25 years' imprisonment for armed robbery. Defendant appealed, arguing (1) the sentence for armed robbery violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11), (2) the trial court failed to comply with Supreme Court Rule 431(b) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007), and (3) the court improperly considered the class of victim as an aggravating sentencing factor.

On June 17, 2009, this court issued an opinion finding the trial court erred by failing to question each venireperson as

to whether he or she understood and accepted the principle that defendant's failure to testify could not be held against defendant. People v. Blanton, No. 4-08-0120, slip op. at 10 (June 17, 2009). This court found such error constituted plain error because the failure to advise the jurors that defendant's failure to testify could not be held against him was "'so substantial that it affected the fundamental fairness of the proceeding.'" Blanton, slip op. at 9, quoting People v. Hall, 194 Ill. 2d 305, 335, 743 N.E.2d 521, 539 (2000).

One day later, on June 18, 2009, the supreme court issued its decision in People v. Glasper, No. 103937 (June 18, 2009), ___ Ill. 2d ___, ___, ___ N.E.2d ___, ___. The Glasper case involved the former version of Rule 431(b), which required inquiry into the principles articulated by People v. Zehr, 103 Ill. 2d 472, 477, 469 N.E.2d 1062, 1064 (1984), only upon the defendant's request. Glasper, slip op. at 7-8, ___ Ill. 2d at ___, ___ N.E.2d at ___. In Glasper, the supreme court held that a harmless-error analysis applied to the trial court's error in refusing, upon defense counsel's request, to ask the potential jurors whether they understood and accepted the principle that the defendant's exercise of his right not to testify could not be held against him. Glasper, slip op. at 13, ___ Ill. 2d at ___, ___ N.E.2d at ___. Applying that analysis, the supreme court found that the evidence of the defendant's guilt was overwhelming

- 2 -

and that the error was harmless.  Glasper, slip op. at 20, ___

Ill. 2d at ___, ___ N.E.2d at ___.

On July 8, 2009, the State filed a petition for rehear-
ing asking this court to reconsider its holding in light of
Glasper.  This court granted the petition for rehearing.

Because Glasper does not change the result in this
case, we reverse and remand for a new trial.

## I. BACKGROUND

In March 2007, the State charged defendant by informa-
tion with armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)) and
aggravated robbery (720 ILCS 5/18-5(a) (West 2006)).  In April
2007, the grand jury returned a true bill on both counts.

On December 13, 2007, the trial court conducted voir
dire examination of the venire.  The court advised the venire as
a whole that (1) the State has the burden of proof and must prove
defendant guilty beyond a reasonable doubt, (2) defendant was
presumed innocent of the charges brought against him, and (3)
defendant did not have to present evidence unless he chose to do
so.  With each panel of venirepersons seated in the jury box, the
court either (1)(a) again explained the principles that the State
bore the burden of proof beyond a reasonable doubt, defendant was
presumed innocent, and defendant did not have to present any
evidence unless he chose to do so or (b) stated that the venire
had previously heard several legal propositions explained during

- 3 -

the <u>voir</u> <u>dire</u>, and (2) asked each panel of venirepersons whether he or she understood and supported those principles. Each venireperson ultimately selected as a juror answered "yes."

Defense counsel also questioned several of the members of the venire about the same principles addressed by the trial court: that defendant was presumed innocent, the State must prove defendant guilty beyond a reasonable doubt, and defendant was not required to offer evidence on his behalf. Defense counsel asked one venireperson, ultimately selected for the jury, whether he understood that if defendant chose not to present any evidence, the venireperson could not hold that against defendant. The venireperson answered "Right." Defense counsel asked another venireperson, also ultimately selected for the jury, whether he understood that defendant did not have to "say anything or prove that he did not commit" the crime but that the State must prove that defendant committed the crime. The venireperson answered "Yes."

The case proceeded to trial. Defendant presented no evidence and did not testify. At the jury-instruction conference, the State tendered a set of jury instructions but withdrew the instruction that charged the jury to judge defendant's testimony in the same manner as the testimony of any other witness. See Illinois Pattern Jury Instructions, Criminal, No. 1.02 (4th ed. 2000) (hereinafter IPI Criminal 4th). Defense

- 4 -

counsel did not object to withdrawing that instruction or tender the instruction that the jury should not consider the fact that defendant did not testify. See IPI Criminal 4th No. 2.04 ("[t]he fact that [the] defendant did not testify must not be considered by you in any way in arriving at your verdict"). The trial court did not instruct the jury that defendant's failure to testify could not be considered.

The jury found defendant guilty of aggravated robbery and armed robbery. In January 2008, the trial court vacated the aggravated-robbery conviction under the one-act, one-crime rule and sentenced defendant to 25 years' imprisonment for armed robbery.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues the trial court's failure to fully comply with Supreme Court Rule 431(b) requires reversal of his conviction and remand for a new trial. The State argues (1) defendant forfeited the argument by not objecting in the trial court or in a posttrial motion; (2) defendant acquiesced in the procedure used by the court, a procedure that did not include a specific, direct reference to testimony of the defendant; (3) no error occurred in the voir dire as a whole because references to the fact that defendant did not have to present evidence were sufficient to disclose any potential bias from the potential

- 5 -

jurors even though no specific questions were asked regarding the jurors' views about defendant's right not to testify; and (4) any shortcomings in the conduct of <u>voir</u> <u>dire</u> should be deemed harmless.

### A. Standard of Review Is <u>De</u> <u>Novo</u>

This court reviews the issue of compliance with a supreme court rule <u>de</u> <u>novo</u>. <u>People v. Garner</u>, 347 Ill. App. 3d 578, 583, 808 N.E.2d 10, 14 (2004) (involving compliance with Rule 605(a) (210 Ill. 2d R. 605(a)).

### B. Supreme Court Rule 431(b)

Supreme Court Rule 431(b) was adopted in 1997 to ensure compliance with <u>Zehr</u>, 103 Ill. 2d at 477, 469 N.E.2d at 1064. See <u>Glasper</u>, slip op. at 7-8, ___ Ill. 2d at ___, ___ N.E.2d at ____. The <u>Zehr</u> court held that "essential to the qualification of jurors in a criminal case is that they know that a defendant is presumed innocent, that he is not required to offer any evidence in his own behalf, that he must be proved guilty beyond a reasonable doubt, and that his failure to testify in his own behalf cannot be held against him." <u>Zehr</u>, 103 Ill. 2d at 477, 469 N.E.2d at 1064. As originally enacted, Rule 431(b) provided that the trial court was not obligated to ask potential jurors whether they understood and accepted the <u>Zehr</u> principles absent a request from defense counsel. See <u>People v. Jocko</u>, 389 Ill. App.

- 6 -

3d 247, 259, 906 N.E.2d 38, 48 (2009), appeal allowed, 233 Ill. 2d 580, ___ N.E.2d ___ (2009).

Effective May 1, 2007, Rule 431(b) was amended to impose "a sua sponte duty on the trial court to question each potential juror as to whether he understands and accepts the Zehr principles." People v. Gilbert, 379 Ill. App. 3d 106, 110, 882 N.E.2d 1140, 1145 (2008). That is, such questioning was no longer dependent upon a request by defense counsel. Gilbert, 379 Ill. App. 3d at 110, 882 N.E.2d at 1145. Rule 431(b) currently provides as follows:

"The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify

when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007.

The committee comments provide as follows:

"The new language is intended to ensure compliance with the requirements of People v. Zehr, 103 Ill. 2d 472 (1984). It seeks to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law." 177 Ill. 2d R. 431(b), Committee Comments, at lxxix.

### C. Trial Court's Failure To Comply With Rule 431(b) Constituted Plain Error

In this case, the trial court advised each venireperson of the first three Zehr principles and questioned each venireperson whether he or she understood and accepted the first three Zehr principles in a manner that allowed each venireperson an opportunity to respond. However, the court neither advised the venirepersons of the fourth Zehr principle--that defendant's

- 8 -

failure to testify could not be held against him--nor questioned each venireperson whether he or she understood and accepted the fourth <u>Zehr</u> principle.  Neither defense counsel nor the State addressed the fourth <u>Zehr</u> principle either, perhaps because defendant was going to testify.

Given the absence of any inquiry of the venirepersons regarding the fourth <u>Zehr</u> principle by the trial court, defense counsel, or the State, defense counsel may have actually objected off the record to any such inquiry.  See Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b)(4), eff. May 1, 2007 ("no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects").  However, the record does not so reflect, and defendant did not testify.  Therefore, error clearly occurred here because the trial court did not question each venireperson as to whether he or she understood and accepted the fourth <u>Zehr</u> principle.

In response to the State's argument that defendant forfeited the issue by failing to raise it in the trial court, defendant asks this court to review the error under the plain-error doctrine.  The State asserts that a harmless-error analysis applies.  We agree with defendant.

Defendant did not object to the error in the trial court.  A plain-error analysis applies when the defendant failed to make a timely objection in the trial court while a harmless-

error analysis applies when the defendant timely objected to the error. People v. Johnson, 388 Ill. App. 3d 199, 203, 902 N.E.2d 1265, 1268 (2009), appeal allowed, 232 Ill. 2d 588, 910 N.E.2d 1130 (2009) (No. 108253).

In this case, because defendant did not object in the trial court, this court must examine the error for plain error. See People v. Owens, 4-08-0161, slip op. at 9-11 (September 16, 2009), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (applying a plain-error analysis where the defendant failed to object to the trial court's failure to determine through questioning whether each juror understood and accepted the Zehr principles). This court may review an error under the plain-error doctrine if (1) the evidence is closely balanced or (2) the error is "so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process." People v. Hall, 194 Ill. 2d 305, 335, 743 N.E.2d 521, 539 (2000). Under the second prong, "[p]rejudice to the defendant is presumed because of the importance of the right involved." People v. Herron, 215 Ill. 2d 167, 187, 830 N.E.2d 467, 480 (2005).

The principle involved here--that a defendant's failure to testify in his own behalf cannot be held against him--"'is perhaps the most critical guarantee under our criminal process and is vital to the selection of a fair and impartial jury that a

- 10 -

juror understand this concept.' [Citation.]" People v. Brooks, 173 Ill. App. 3d 153, 158, 527 N.E.2d 436, 439 (1988). In this case, the jurors were never even advised that defendant's failure to testify could not be held against him. See, e.g., People v. Wilmington, No. 1-07-2518, slip op. at 11-12 (September 24, 2009), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (finding plain error where, although the trial court informed the venire members of all four Zehr principles, the court failed to question the potential jurors about their acceptance and understanding of one of the principles--the defendant's right not to testify; the failure "denied the defendant the right to a fair and impartial jury"). The error here was so substantial that it affected the fundamental fairness of the proceeding. See, e.g., People v. Blair, No. 2-07-0862, slip op. at 18 (September 29, 2009), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (finding that the trial court's failure "to ask a majority of the jurors whether they understood and accepted three of the four Zehr principles" denied the "defendant a substantial right, undermined the fairness of his trial, and impacted the integrity of the judicial process").

As stated in Zehr:

"We are of the opinion that essential to the qualification of jurors in a criminal case is that they know that a defendant is

- 11 -

presumed innocent, that he is not required to
offer any evidence in his own behalf, that he
must be proved guilty beyond a reasonable
doubt, and that his failure to testify in his
own behalf cannot be held against him."

Zehr, 103 Ill. 2d at 477, 469 N.E.2d at 1064.

This court must therefore reverse and remand for a new trial.

### 1. Result Not Affected by Glasper

This result is not affected by the recent decision by
the supreme court in Glasper. In Glasper, the version of Rule
431(b) in effect required that the trial court ask the potential
jurors whether they understood and accepted the Zehr principles
only if requested by the defendant. Glasper, slip op. at 8, ___
Ill. 2d at ___, ___ N.E.2d at ___. The defendant asked the trial
court to inquire of the potential jurors about the defendant's
right not to testify, but the court refused. Glasper, slip op.
at 8-9, ___ Ill. 2d at ___, ___ N.E.2d at ___. Instead, the
court told the venire, as a group, about each of the Zehr princi-
ples, including that the defendant did not have to testify on his
own behalf and that his failure to testify could not be consid-
ered in arriving at a verdict. Glasper, slip op. at 9, ___ Ill.
2d at ___, ___ N.E.2d at ___. The court did not, however, ask
each venire member if the defendant's decision not to testify
would influence his or her verdict. Glasper, slip op. at 9, ___

- 12 -

Ill. 2d at ___, ___ N.E.2d at ___.

The supreme court found that the trial court's refusal
to ask the venire, upon the defendant's request, whether it
understood and accepted the principle that the defendant's
failure to testify cannot be held against him constituted error.
Glasper, slip op. at 9, ___ Ill. 2d at ___, ___ N.E.2d at ___.
The court then examined whether the error required the court to
presume prejudice and automatically reverse or whether the error
was subject to a harmless-error analysis.  Glasper, slip op. at
10, ___ Ill. 2d at ___, ___ N.E.2d at ___.

The supreme court noted that reversal was automatic
only where the error was "structural," meaning "a systemic error
which serves to 'erode the integrity of the judicial process and
undermine the fairness of the defendant's trial.'"  Glasper, slip
op. at 16, ___ Ill. 2d at ___, ___ N.E.2d at ___, quoting Herron,
215 Ill. 2d at 186, 830 N.E.2d at 479.  The court found the error
was not structural and automatic reversal was not required
because (1) the case did not involve a fundamental or constitu-
tional right but merely a right made available by rule of the
supreme court and (2) under the rule in effect at that time, the
right was afforded only to those defendants who chose to exercise
it.  Glasper, slip op. at 15-16, ___ Ill. 2d at ___, ___ N.E.2d
at ___.  The court held:

"Defendants do not have a right to Rule

- 13 -

431(b)(4) questioning under either the United States or the Illinois Constitution. A defendant's 'right' to such questioning in Illinois courts is the product of this court's inherent power to make rules regulating the conduct of the circuit courts. [Citation.] While the rule is designed to help ensure that defendants are tried before a fair jury, we cannot say that Rule 431(b)(4) questioning is indispensable to a fair trial. This point is inherent in the rule itself, which originally required the questioning only if the defendant requested it. It would be inconsistent to conclude that the failure to question the venire in compliance with Rule 431(b)(4) ensures that biased jurors will be impaneled when a defendant can choose to forgo such questioning, apparently without such concerns." <u>Glasper</u>, slip op. at 15, ___ Ill. 2d at ___, ___ N.E.2d at ___.

The court further stated:

"As previously stated, when crafting the version of Rule 431(b) applicable here, this court had the opportunity to mandate <u>Zehr</u>

questioning in every case, but chose not to. Instead, this court made the right to <u>Zehr</u> questioning permissive. The court intentionally structured Rule 431(b) so that the trial court's default position was to refrain from <u>Zehr</u> questioning. We conclude that a violation of Rule 431(b), as applied in this case, does not require automatic reversal and is amenable to harmless[-]error review." <u>Glasper</u>, slip op. at 18, ___ Ill. 2d at ___, ___ N.E.2d at ___.

The supreme court emphasized several times that the holding was limited to the version of Rule 431(b)(4) in effect at the time of the trial and that it "would not necessarily apply to subsequent versions of the rule." <u>Glasper</u>, slip op. at 18, ___ Ill. 2d at ___, ___ N.E.2d at ___. The court also expressly noted that it did not hold that a violation of Rule 431(b)(4) could never result in reversible error, and that if the facts demonstrated that the defendant was tried before a biased jury, the conviction would be reversed. <u>Glasper</u>, slip op. at 18, ___ Ill. 2d at ___, ___ N.E.2d at ___. The court further stated:

> "However, there are no such facts in the instant case. We reject the idea that the trial court's failure to conduct Rule

431(b)(4) questioning makes it inevitable that the jury was biased, particularly when the record before us demonstrates that the jurors in this case were both admonished and instructed against forming an adverse inference against defendant based on his decision not to testify.  To do so would require us to presume that citizens sworn as jurors ignore the law and the jury instructions given to them.  This notion is contrary to our precedent which instructs us to make the opposite presumption."  Glasper, slip op. at 18-19, ___ Ill. 2d at ___, ___ N.E.2d at ___.

The Glasper court then applied a harmless-error analysis and concluded that the evidence against the defendant was overwhelming.  Glasper, slip op. at 20, ___ Ill. 2d at ___, ___ N.E.2d at ___.  Therefore, the error was harmless beyond a reasonable doubt.  Glasper, slip op. at 20, ___ Ill. 2d at ___, ___ N.E.2d at ___.

### 2. Application of Glasper to This Case

The State argues that the holding in Glasper is equally applicable to the new version of Rule 431(b).  Specifically, the State argues the supreme court found that the error in failing to follow Rule 431(b) did not involve a fundamental or constitu-

tional right and that the Rule 431(b) questioning was not indispensable to a fair trial. Therefore, according to the State, the failure to comply could not have affected the fundamental fairness of the proceeding. We disagree.

The <u>Glasper</u> case involved the former version of Rule 431(b), and the supreme court expressly limited its holding to the former version. <u>Glasper</u>, slip op. at 18, ___ Ill. 2d at ___, ___ N.E.2d at ___. The former version of the rule did not mandate Rule 431(b) questioning in every case but only when the defendant requested it. <u>Glasper</u>, slip op. at 15, ___ Ill. 2d at ___, ___ N.E.2d at ___ ("It would be inconsistent to conclude that the failure to question the venire in compliance with Rule 431(b)(4) ensures that biased jurors will be impaneled when a defendant can choose to forgo such questioning, apparently without such concerns").

In contrast, Rule 431(b) in its present form mandates the Rule 431(b) questioning in every case, only allowing a defendant to object to any inquiry about the fourth <u>Zehr</u> principle--that a defendant's failure to testify cannot be held against him. This distinction warrants a different result here. See, <u>e.g.</u>, <u>People v. Graham</u>, 393 Ill. App. 3d 268, 275, 913 N.E.2d 99, 105-06 (2009) (holding that the trial court's failure to ascertain whether all the potential jurors understood and accepted the <u>Zehr</u> principles constituted plain error because the

- 17 -

error denied the defendant a substantial right and a fair trial; also concluding that Glasper did not change the result because the holding in Glasper was limited to the former version of Rule 431(b) and the amendments to Rule 431(b) extended the rule's protection to all defendants, not only defendants who asked for it); People v. Madrid, 1-08-0324, slip op. at 11-12 (October 8, 2009), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (holding that the trial court's failure to ask the potential jurors whether they understood and accepted all the Zehr principles denied the defendant a substantial right and a fair trial); People v. Arredondo, No. 1-07-2825, slip op. at 14 (October 8, 2009), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (holding that the trial court's (1) failure to question any of the pro-spective jurors regarding their understanding and acceptance of the principle that the defendant is presumed innocent of the charges against him and (2) general question regarding the potential jurors' willingness to follow the law instead of an inquiry about their understanding and acceptance of the State's burden of proof constituted plain error and denied the defendant a substantial right and a fair trial).

In addition, although the Glasper court did not address plain error, the second prong of the plain-error analysis and the analysis for structural error are similar. See People v. Blue, 189 Ill. 2d 99, 138, 724 N.E.2d 920, 940 (2000) (wherein the

supreme court does not use the term "structural error" but states that "[t]o determine whether [the] defendant's right to a fair trial has been compromised, we employ the same test that this court uses whenever it applies the second prong of the plain[-]error test"). The second prong of the plain-error analysis recognizes that the error is "so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process." Hall, 194 Ill. 2d at 335, 743 N.E.2d at 539. Similarly, a structural error is "a systemic error which serves to 'erode the integrity of the judicial process and undermine the fairness of the defendant's trial.'" Glasper, slip op. at 16, ___ Ill. 2d at ___, ___ N.E.2d at ___, quoting Herron, 215 Ill. 2d at 186, 830 N.E.2d at 479.

However, the supreme court in Glasper specifically stated that the court was not holding that a violation of Rule 431(b) would never constitute reversible error. Glasper, slip op. at 18, ___ Ill. 2d at ___, ___ N.E.2d at ___. Instead, the supreme court noted a violation would constitute reversible error if the trial was conducted before a biased tribunal because "a trial before a biased tribunal would constitute structural error." Glasper, slip op. at 18, ___ Ill. 2d at ___, ___ N.E.2d at ___. One of the reasons for finding that the trial in Glasper had not been conducted before a biased tribunal was that the

record showed the jury had been admonished and instructed against forming an adverse inference against defendant based on his decision not to testify. Glasper, slip op. at 18-19, ___ Ill. 2d at ___, ___ N.E.2d at ___. Those facts are not present in our case. In this case, the jurors were never advised or instructed that defendant's failure to testify could not be held against him. Therefore, Glasper is distinguishable on this basis as well.

This result is consistent with the recent decision by this court in Owens, slip op. at 9, ___ Ill. App. 3d at ___, ___ N.E.2d at ___. In Owens, this court, without discussing Glasper, held that despite the fact that the trial court reviewed the Zehr principles with the entire venire, the court's error in failing to directly question the individual jurors regarding their agreement or disagreement with those principles constituted plain error. The Owens court found that the fact that the court admonished the venire before questioning, gave oral instructions before deliberations began, and delivered jury instructions that recited the Zehr principles in whole or in part, did not excuse the court's failure to comply with Rule 431(b). Owens, slip op. at 12, ___ Ill. App. 3d at ___, ___ N.E.2d at ___. This court held, "We conclude the record here reveals a complete breakdown of the judicial process that undermines this court's confidence in the jury's verdict." Owens, slip op. at 11, ___ Ill. App. 3d

- 20 -

at ___, ___ N.E.2d at ___.

Similarly here, plain error occurred when the trial court failed to question each venireperson as to whether he or she understood and accepted the principle that defendant's failure to testify could not be held against him. The error was so substantial that it affected the fundamental fairness of the proceeding.

Finally, we find that the evidence was sufficient to sustain defendant's conviction. Although we reach no conclusion binding on retrial as to defendant's guilt, we conclude that double jeopardy does not bar a retrial of defendant. See People v. Walker, 232 Ill. 2d 113, 131, 902 N.E.2d 691, 700 (2009).

### III. CONCLUSION

For the reasons stated, we reverse defendant's conviction and remand for a new trial.

Reversed and remanded.

McCULLOUGH, P.J., and APPLETON, J., concur.