NO. 4-08-0034

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| AHMED A. YUSUF, | ) | No. 06CF1876 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In October 2007, a jury convicted defendant, Ahmed A. Yusuf, of armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)). In December 2007, the trial court sentenced him to seven years' imprisonment. Defendant appealed, arguing the court erred in failing to question the jurors during voir dire in compliance with Illinois Supreme Court Rule 431(b) (Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007) regarding the jurors' understanding of the four basic constitutional guarantees afforded criminal defendants at trial. In November 2008, this court affirmed. People v. Yusuf, No. 4-08-0034 (November 19, 2008) (unpublished order under Supreme Court Rule 23).

The Supreme Court of Illinois denied defendant's petition for leave to appeal but issued a supervisory order (People v. Yusuf, 233 Ill. 2d 598, 914 N.E.2d 489 (2009)

(nonprecedential supervisory order on denial of petition for leave to appeal) (No. 107674)) directing this court to vacate our order and to reconsider in light of People v. Glasper, 234 Ill. 2d 173, 917 N.E.2d 401 (2009). In accordance with the supreme court's directions, we vacated our prior judgment and reconsider in light of Glasper to determine whether a different result is warranted. We reverse and remand.

On November 20, 2006, the State charged defendant with two counts of armed robbery. At trial, Sarad Chandra, a convenience store clerk, testified that shortly after 10 p.m. on November 19, 2006, a man carrying a gun and dressed in dark clothing and a ski mask came into the store and demanded money. Chandra opened the register, and the man took the money and ran out of the store. The store surveillance tape was played for the jury.

The State also presented evidence at trial establishing that on the evening of November 19, 2006, Maokun Li left his office and was walking to his vehicle when defendant, wearing a black ski mask, appeared from behind a bush. Defendant produced a gun and ordered Li to give him his wallet and cellular phone. Defendant also demanded Li's personal identification number for the debit card. Li testified defendant also threatened to shoot him. According to Li's testimony, defendant ordered Li to lay on the ground and not to look at him. Li called the police after

defendant fled.  The police arrested defendant shortly thereafter.

Defendant did not present any evidence at trial.  After considering the State's evidence, closing arguments, and jury instructions, the jury acquitted defendant of the armed robbery of Chandra but found him guilty of the armed robbery of Li.  The trial court sentenced defendant as stated.

We affirmed (People v. Yusuf, No. 4-08-0034 (November 19, 2008) (unpublished order under Supreme Court Rule 23)), and the supreme court denied defendant's petition for leave to appeal but directed this court to vacate our judgment and to reconsider in light of Glasper.

As a threshold matter, we note our prior order in this case relied on this court's reasoning in People v. Stump, 385 Ill. App. 3d 515, 896 N.E.2d 904 (2008).  However, following its decision in Glasper, the supreme court issued a supervisory order therein (People v. Stump, 233 Ill. 2d 592, 914 N.E.2d 490 (2009) (nonprecedential supervisory order on denial of petition for leave to appeal) (No. 107508)) directing this court to vacate its order and reconsider its decision in light of Glasper despite Glasper's application of prior Rule 431 and Stump's application of the amended rule.

On appeal in the instant case, defendant claims the trial court erred where it failed to comply with the mandates of

Supreme Court Rule 431(b). Specifically, defendant argues the procedure used by the court failed to allow the venire an opportunity to respond to or be questioned on the Zehr principles, i.e., it failed to comply with the directives of Rule 431(b). See People v. Zehr, 103 Ill. 2d 472, 477-78, 469 N.E.2d 1062, 1064 (1984).

In this case, defendant's trial counsel did not object at the time of the trial court's error. In addition, defendant's posttrial motion did not allege the court failed to comply with Rule 431(b). As a result, the issue has been forfeited. See People v. Hestand, 362 Ill. App. 3d 272, 279, 838 N.E.2d 318, 324 (2005). Defendant, however, argues the court's failure to comply with Rule 431(b) constitutes plain error affecting his right to a fair trial by an impartial jury.

A plain-error analysis applies where the defendant fails to make a timely objection in the trial court, while a harmless-error analysis applies where the defendant timely objects to the error. People v. Johnson, 388 Ill. App. 3d 199, 203, 902 N.E.2d 1265, 1268 (2009) (Third District). In this case, defendant's trial counsel did not object at the time of the trial court's error. In addition, defendant's posttrial motion did not allege the court failed to comply with Rule 431(b). Because defendant failed to preserve the trial court's error, we analyze the error under the plain-error doctrine.

A reviewing court may disregard a defendant's forfeiture and review the issue under the plain-error doctrine to determine whether reversal is required. People v. Lewis, 234 Ill. 2d 32, 42, 912 N.E.2d 1220, 1226 (2009). The plain-error doctrine allows a reviewing court to consider forfeited error when (1) the evidence is closely balanced or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. People v. Walker, 232 Ill. 2d 113, 124, 902 N.E.2d 691, 697 (2009). Under either prong of the plain-error analysis, the defendant has the burden of persuasion. Lewis, 234 Ill. 2d at 43, 912 N.E.2d at 1227. Before reviewing the issue under the plain-error doctrine, however, we must first determine whether any error occurred. People v. Piatkowski, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 411 (2007).

"The supreme court's rules are not aspirational; rather, they have the force of law." People v. Young, 387 Ill. App. 3d 1126, 1127, 903 N.E.2d 434, 435 (2009), citing Bright v. Dicke, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). This court reviews de novo a trial court's compliance with a supreme court rule. Young, 387 Ill. App. 3d at 1127, 903 N.E.2d at 435.

In Zehr, the Supreme Court of Illinois held a trial court erred during voir dire by refusing defense counsel's request to ask questions about (1) the State's burden of proof,

(2) defendant's right to not testify, and (3) the presumption of innocence. <u>Zehr</u>, 103 Ill. 2d at 477, 469 N.E.2d at 1064.

The supreme court amended Rule 431(b) to assure compliance with its decision in <u>Zehr</u>. Adopted March 21, 2007, and effective May 1, 2007, the rule now reads as follows:

"(b) The court <u>shall</u> <u>ask</u> each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects.

The court's method of inquiry <u>shall</u> <u>provide</u> each juror an opportunity to respond to specific questions concerning the principles set out in this section." (Emphases

added.)  Official Reports Advance Sheet No. 8

(April 11, 2007), R. 431(b), eff. May 1,

2007.

The committee comments provide as follows:

"The new language is intended to ensure

compliance with the requirements of People v.

Zehr, 103 Ill. 2d 472[, 469 N.E.2d 1062]

(1984).  It seeks to end the practice where

the judge makes a broad statement of the

applicable law followed by a general question

concerning the juror's willingness to follow

the law."  177 Ill. 2d R. 431(b), Committee

Comments, at lxxix.

As of May 1, 2007, the plain language of Rule 431(b)

requires a trial court to (1) sua sponte question each potential

juror as to whether he understands and accepts the Zehr princi-

ples (2) in a manner that allows each juror an opportunity to

respond.  As the voir dire in this case occurred in October 2007,

after the amendment became effective, the court was required to

comply with the rule as amended May 1, 2007.

At the beginning of voir dire, prior to the jurors

being sworn in, the trial court addressed the pool as follows:

"I want to go over some of those [jury]

instructions with you now so that you can

- 7 -

keep them in perspective as you listen to the testimony. The first instruction is *** that the defendant is presumed to be innocent of the charge[s] against him [(Rule 431(b) principle (1))]. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all of the evidence in this case, you are convinced beyond a reasonable doubt that he is guilty [(Rule 431(b) principle (2))].

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence [(an apparent reference to Rule 431(b) principle (3))]. In connection with the last sentence, this defendant, as does every citizen, possesses an absolute right not to testify at his trial if he so chooses. If the defendant chooses not to testify, you will receive an instruction that states that the fact the defendant did not testify must not be considered by you in

*any* *way* *in* *arriving* *at* *your* *verdict* [(Rule

431(b) principle (4))]."  (Emphases added.)

During <u>voir</u> <u>dire</u>, the trial court questioned the

potential jurors about their previous experiences with the legal

system and whether they were familiar with the defendant, attor-

neys, or witnesses.  The court also asked each juror whether he

or she could think of any reason why he or she could not be "fair

and impartial."  While each of the 12 jurors selected to hear the

case answered those questions in the negative, the court did not

conduct <u>Zehr</u> questioning of individual jurors.  As a result, the

court never directly questioned the individual jurors regarding

their understanding of the <u>Zehr</u> principles as required by the

second paragraph of amended Rule 431(b).

Prior to deliberations, the trial court gave the jury

Illinois Pattern Jury Instructions, Criminal, Nos. 2.03 and 2.04

(4th ed. 2000) (hereinafter IPI Criminal 4th), regarding (1)

defendant's presumption of innocence, (2) the State's burden of

proof, and (3) "[t]he fact that defendant did not testify must

not be considered by [the jurors] in any way in arriving at [a]

verdict."

In this case, the record shows the trial court did not

fully comply with Rule 431(b).  While the court advised the

venire <u>en</u> <u>masse</u> of the four <u>Zehr</u> principles, it did <u>not</u> pose the

specific questions of whether the jurors understood and accepted

- 9 -

all four of those principles during voir dire. See Official Reports Advance Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007 ("[t]he court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section"). As a result, the court in this case did not follow the mandate of Rule 431(b), and this failure to comply constituted error.

Having found error, we next consider whether the error was so serious that it affected the fairness of defendant's trial. We note defendant does not argue the evidence was closely balanced. Instead, defendant contends the error "allowed for the possibility of a partial jury, which affects the integrity of the judicial process and ignores [his] constitutional rights to a fair trial." As a result, we confine our review to the second prong of the plain-error analysis. See People v. Alexander, 396 Ill. App. 3d 563, 575, 919 N.E.2d 1016, 1026 (2009) (Third District); see also People v. Blue, 189 Ill. 2d 99, 139, 724 N.E.2d 920, 941 (2000) (where a defendant has been denied the right to a fair trial, a reviewing court must remedy the error to preserve the integrity of the judicial process without regard to the evidence against the defendant). "[I]n applying the plain-error doctrine under either prong to an alleged instructional error, an analysis of the facts and circumstances of each particular case is required." People v. Magallanes, 397 Ill. App. 3d

72, 93, 921 N.E.2d 388, 406 (2009).

In this case, the jurors were <u>never</u> asked whether they understood and agreed defendant is not required to offer any evidence and his failure to testify cannot be held against him. A defendant's right not to testify "'"is perhaps the most critical guarantee under our criminal process and is vital to the selection of a fair and impartial jury that a juror understand this concept." [Citation.]'" <u>People v. Blanton</u>, 396 Ill. App. 3d 230, 236, ___ N.E.2d ___, ___ (2009), quoting <u>People v. Brooks</u>, 173 Ill. App. 3d 153, 158, 527 N.E.2d 436, 439 (1988) (First District).

While the trial court advised the venire <u>en</u> <u>masse</u> of the <u>Zehr</u> principles, it did not pose the specific questions of whether the jurors understood and accepted any of those principles. Prior to the jurors being sworn in, the court simply read the principles. During <u>voir</u> <u>dire</u>, the State and defense counsel directly questioned the potential jurors. However, neither party asked any juror about the four <u>Zehr</u> principles. <u>Cf</u>. <u>People v. Chester</u>, 396 Ill. App. 3d 1067, 1075, ___ N.E.2d ___, ___ (2010) (Fourth District, finding the trial court erred by failing to address the fourth <u>Zehr</u> principle but declining to find plain error where the defendant conceded defense counsel rectified the error by addressing the fourth principle with the prospective jurors).

- 11 -

We find the trial court's failure to fully comply with the amended version of Rule 431(b) caused "a complete breakdown of the judicial process that undermines this court's confidence in the jury's verdict." People v. Owens, 394 Ill. App. 3d 147, 153, 914 N.E.2d 1280, 1285 (2009) (Fourth District, finding plain error where the trial court addressed all four Rule 431(b) principles to the venire en masse but failed to pose specific questions to prospective jurors relating to any Rule 431(b) principles). The court's error here was "so substantial that it affected the fundamental fairness of the proceeding," denied defendant a substantial right, and thus a fair trial. Blanton, 396 Ill. App. 3d at 236, ___ N.E.2d at ___.

The fact that the trial court admonished the venire before questioning and delivered IPI Criminal 4th Nos. 2.03 and 2.04--regarding the presumption of innocence, the State's burden of proof, and defendant's decision not to testify--does not excuse the court's failure to comply with the second paragraph of Rule 431(b). Owens, 394 Ill. App. 3d at 153, 914 N.E.2d at 1285. As a result, this court must reverse and remand for a new trial.

The supreme court's recent decision in Glasper does not alter the result in this case. In Glasper, 234 Ill. 2d at 189, 917 N.E.2d at 411-12, the supreme court addressed whether (1) the trial court's failure to comply with preamended Rule 431(b) requires a reviewing court to presume prejudice and automatically

- 12 -

reverse defendant's conviction or (2) the error is subject to harmless-error analysis. While the supreme court held the trial court erred by not fully complying with Rule 431(b), it (1) declined to find that a violation of Rule 431(b) is per se reversible error and (2) concluded the error was harmless where (a) no evidence was presented that the jury was biased and (b) the evidence against the defendant was overwhelming. Glasper, 234 Ill. 2d at 199-201, 917 N.E.2d at 417-18.

However, the supreme court expressly limited its holding in Glasper to the preamended version of Rule 431(b). As a result, the decision does not purport to govern the application of amended Rule 431(b), which is at issue in this case. See Glasper, 234 Ill. 2d at 200, 917 N.E.2d at 418 (emphasizing "that this holding is limited to the version of Rule 431(b)(4) that was in effect at the time of the instant trial, and would not necessarily apply to subsequent versions of the rule").

Unlike the preamended version of Rule 431(b) at issue in Glasper, the protections provided by the Zehr principles are extended to all defendants under amended Rule 431(b) and not only those who choose to exercise them by requesting questioning. People v. Graham, 393 Ill. App. 3d 268, 276, 913 N.E.2d 99, 106 (2009) (First District); compare 177 Ill. 2d R. 431(b) (where questioning is optional absent a defendant's request, which triggers mandatory questioning) with Official Reports Advance

- 13 -

Sheet No. 8 (April 11, 2007), R. 431(b), eff. May 1, 2007 (where mandatory questioning is automatic and a defendant's request is unnecessary).

This distinction is consistent with other recent appellate court decisions (1) finding plain error based on the fact that the trial court's failure to comply with amended Rule 431(b) denied the defendants a substantial right and (2) concluding the holding in Glasper was limited to the prior version of Rule 431(b). See, e.g., Blanton, 396 Ill. App. 3d at 236, 238, ___ N.E.2d at ___, ___ (Fourth District); see also, e.g., People v. Madrid, 395 Ill. App. 3d 38, 47, 916 N.E.2d 1273, 1281 (2009) (First District); People v. Blair, 395 Ill. App. 3d 465, 478-79, 917 N.E.2d 43, 56-57 (2009) (Second District); People v. Wilmington, 394 Ill. App. 3d 567, 572, 575-76, 915 N.E.2d 882, 886, 889 (2009) (First District); Graham, 393 Ill. App. 3d at 275-76, 913 N.E.2d at 105-06 (First District).

Finally, we find the evidence presented at trial was sufficient to sustain defendant's conviction. Although we reach no conclusion binding on retrial as to defendant's guilt, we conclude that double jeopardy does not bar a retrial of defendant. See Walker, 232 Ill. 2d at 131, 902 N.E.2d at 700.

For the reasons stated, we reverse defendant's conviction and remand for a new trial.

Reversed and remanded.

MYERSCOUGH, P.J., and KNECHT, J., concur.