NO. 4-08-0034     Opinion Filed 4/14/11

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
          Plaintiff-Appellee,          )   Circuit Court of
          v.                           )   Champaign County
AHMED A. YUSUF,                        )   No. 06CF1876
          Defendant-Appellant.         )
                                       )   Honorable
                                       )   Thomas J. Difanis,
                                       )   Judge Presiding.
_____

          JUSTICE McCULLOUGH delivered the judgment of the court,
with opinion.
          Presiding Justice Knecht and Justice Turner concurred
in the judgment and opinion.

## OPINION

          In October 2007, a jury convicted defendant, Ahmed A.

Yusuf, of armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)).  In

December 2007, the trial court sentenced him to seven years'

imprisonment.  Defendant appealed, arguing the court erred in

failing to question the jurors during *voir dire* in compliance

with Illinois Supreme Court Rule 431(b) (eff. May 1, 2007)

regarding the jurors' understanding of the four basic constitu-

tional guarantees afforded criminal defendants at trial.  In

November 2008, this court affirmed.  *People v. Yusuf*, No. 4-08-

0034 (Nov. 19, 2008) (unpublished order under Supreme Court Rule

23).

          In September 2009, the Illinois Supreme Court denied

defendant's petition for leave to appeal but issued a supervisory

order (*People v. Yusuf*, 233 Ill. 2d 598, 914 N.E.2d 489 (2009)

(nonprecedential supervisory order on denial of petition for leave to appeal) (No. 107674)) directing this court to vacate our order and to reconsider in light of *People v. Glasper*, 234 Ill. 2d 173, 917 N.E.2d 401 (2009). In accordance with the supreme court's directions, we vacated our prior judgment and reconsidered in light of *Glasper*. We reversed defendant's conviction and remanded the matter for a new trial. *People v. Yusuf*, 399 Ill. App. 3d 817, 928 N.E.2d 143 (2010).

In January 2011, the supreme court issued a supervisory order (*People v. Yusuf*, 239 Ill. 2d 588, 940 N.E.2d 1152 (2011) (nonprecedential supervisory order on denial of petition for leave to appeal) (No. 110420)) directing this court to vacate our order and to reconsider in light of *People v. Thompson*, 238 Ill. 2d 598, 939 N.E.2d 403 (2010). In accordance with the supreme court's directions, we vacate our prior judgment and reconsider in light of *Thompson* to determine whether a different result is warranted. After considering the supreme court's reasoning in *Thompson*, we affirm defendant's conviction.

On November 20, 2006, the State charged defendant with two counts of armed robbery. At trial, Sarad Chandra, a convenience store clerk, testified that shortly after 10 p.m. on November 19, 2006, a man carrying a gun and dressed in dark clothing and a ski mask came into the store and demanded money. Chandra opened the register, and the man took the money and ran out of the store. The store surveillance tape was played for the jury.

The State also presented evidence at trial establishing that on the evening of November 19, 2006, Maokun Li left his office and was walking to his vehicle when defendant, wearing a black ski mask, appeared from behind a bush. Defendant produced a gun and ordered Li to give him his wallet and cellular phone. Defendant also demanded Li's personal identification number for the debit card. Li testified defendant also threatened to shoot him. According to Li's testimony, defendant ordered Li to lay on the ground and not to look at him. Li called the police after defendant fled. The police arrested defendant shortly thereafter.

Defendant did not present any evidence at trial. After considering the State's evidence, closing arguments, and jury instructions, the jury acquitted defendant of the armed robbery of Chandra but found him guilty of the armed robbery of Li. The trial court sentenced defendant as stated.

On appeal, defendant claims the trial court erred where it failed to comply with the mandates of Supreme Court Rule 431(b). Specifically, defendant argues the procedure used by the court failed to allow the venire an opportunity to respond to or be questioned on the *Zehr* principles, *i.e.*, it failed to comply with the directives of Rule 431(b). See *People v. Zehr*, 103 Ill. 2d 472, 477-78, 469 N.E.2d 1062, 1064 (1984).

In this case, defendant's trial counsel did not object at the time of the trial court's error. In addition, defendant's posttrial motion did not allege the court failed to comply with

Rule 431(b). As a result, the issue has been forfeited. See *People v. Hestand*, 362 Ill. App. 3d 272, 279, 838 N.E.2d 318, 324 (2005). Defendant, however, argues the court's failure to comply with Rule 431(b) constitutes plain error affecting his right to a fair trial by an impartial jury.

A reviewing court may disregard a defendant's forfeiture and review the issue under the plain-error doctrine to determine whether reversal is required. *People v. Lewis*, 234 Ill. 2d 32, 42, 912 N.E.2d 1220, 1226 (2009). The plain-error doctrine allows a reviewing court to consider forfeited error when (1) the evidence is closely balanced or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Walker*, 232 Ill. 2d 113, 124, 902 N.E.2d 691, 697 (2009). Under either prong of the plain-error analysis, the defendant has the burden of persuasion. *Lewis*, 234 Ill. 2d at 43, 912 N.E.2d at 1227.

Before reviewing the issue under the plain-error doctrine, however, we must first determine whether any error occurred. *People v. Piatkowski,* 225 Ill. 2d 551, 565, 870 N.E.2d 403, 411 (2007). This court reviews *de novo* a trial court's compliance with a supreme court rule. *People v. Young*, 387 Ill. App. 3d 1126, 1127, 903 N.E.2d 434, 435 (2009).

In *Zehr*, the Supreme Court of Illinois held a trial court erred during *voir dire* by refusing defense counsel's request to ask questions about (1) the State's burden of proof,

(2) defendant's right to not testify, and (3) the presumption of innocence. *Zehr*, 103 Ill. 2d at 477, 469 N.E.2d at 1064.

The supreme court amended Rule 431(b) to assure compliance with its decision in *Zehr*. Adopted March 21, 2007, and effective May 1, 2007, the rule now reads as follows:

"(b) The court *shall ask* each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects.

The court's method of inquiry *shall provide* each juror an opportunity to respond to specific questions concerning the principles set out in this section." (Emphases added.) Ill. S. Ct. R. 431(b) (eff. May 1, 2007).

- 5 -

The committee comments provide as follows:

> "The new language is intended to ensure compliance with the requirements of *People v. Zehr*, 103 Ill. 2d 472[, 469 N.E.2d 1062] (1984). It seeks to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law." Ill. S. Ct. R. 431(b), Committee Comments (eff. May 1, 1997).

As of May 1, 2007, the plain language of Rule 431(b) requires a trial court to (1) *sua sponte* question each potential juror as to whether he understands and accepts the *Zehr* principles (2) in a manner that allows each juror an opportunity to respond. As the *voir dire* in this case occurred in October 2007, after the amendment became effective, the court was required to comply with the rule as amended May 1, 2007.

At the beginning of *voir dire*, prior to the jurors being sworn in, the trial court addressed the pool as follows:

> "I want to go over some of those [jury] instructions with you now so that you can keep them in perspective as you listen to the testimony. The first instruction is *** that the *defendant is presumed to be innocent* of the charge[s] against him [(Rule 431(b) principle (1))]. This presumption remains with

- 6 -

him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all of the evidence in this case, you are convinced *beyond a reasonable doubt* that he is guilty [(Rule 431(b) principle (2))].

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The *defendant is not required to prove his innocence* [(an apparent reference to Rule 431(b) principle (3))]. In connection with the last sentence, *this defendant*, as does every citizen, *possesses an absolute right not to testify* at his trial if he so chooses. If the defendant chooses not to testify, you will receive an instruction that states that *the fact the defendant did not testify must not be considered by you in any way in arriving at your verdict* [(Rule 431(b) principle (4))]." (Emphases added.)

During *voir dire*, the trial court questioned the potential jurors about their previous experiences with the legal system and whether they were familiar with the defendant, attorneys, or witnesses. The court also asked each juror whether he or she could think of any reason why he or she could not be "fair

- 7 -

and impartial."  While each of the 12 jurors selected to hear the case answered those questions in the negative, the court did not conduct *Zehr* questioning of individual jurors.  As a result, the court never directly questioned the individual jurors regarding their understanding of the *Zehr* principles as required by the second paragraph of amended Rule 431(b).

Prior to deliberations, the trial court gave the jury Illinois Pattern Jury Instructions, Criminal, Nos. 2.03 and 2.04 (4th ed. 2000) (hereinafter, IPI Criminal 4th), regarding (1) defendant's presumption of innocence, (2) the State's burden of proof, and (3) "[t]he fact that defendant did not testify must not be considered by [the jurors] in any way in arriving at [a] verdict."

In this case, the record shows the trial court did not fully comply with Rule 431(b).  While the court advised the venire *en masse* of the four *Zehr* principles, it did *not* pose the specific questions of whether the jurors understood and accepted *all four* of those principles during *voir dire*.  See Ill. S. Ct. R. 431(b) (eff. May 1, 2007) ("The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section.").  As a result, the court in this case did not follow the mandate of Rule 431(b), and this failure to comply was error.

Having found error, we next consider whether the error was so serious that it affected the fairness of defendant's trial.  We note defendant does not argue the evidence was closely

- 8 -

balanced. Instead, defendant contends the error "allowed for the possibility of a partial jury, which affects the integrity of the judicial process and ignores [his] constitutional rights to a fair trial." As a result, we confine our review to the second prong of the plain-error analysis. See *People v. Blue*, 189 Ill. 2d 99, 139, 724 N.E.2d 920, 941 (2000) (where a defendant has been denied the right to a fair trial, a reviewing court must remedy the error to preserve the integrity of the judicial process without regard to the evidence against the defendant).

"To determine whether defendant's right to a fair trial has been compromised, we employ the same test that this court uses whenever it applies the second prong of the plain error test." *Blue*, 189 Ill. 2d at 138, 724 N.E.2d at 940. We consider whether a substantial right has been affected to the extent we doubt that defendant's trial was fundamentally fair. *Blue*, 189 Ill. 2d at 138, 724 N.E.2d at 940-41. Regardless of the weight of the evidence presented against defendant, a new trial is essential where the trial court's error threatens the integrity of the judicial process. *Blue*, 189 Ill. 2d at 139, 724 N.E.2d at 941.

In *Glasper*, 234 Ill. 2d at 189, 917 N.E.2d at 411-12, the supreme court addressed whether (1) the trial court's failure to comply with preamended Rule 431(b) requires a reviewing court to presume prejudice and automatically reverse defendant's conviction or (2) the error is subject to harmless-error analysis. While the supreme court held the trial court erred by not

fully complying with Rule 431(b), it (1) declined to find that a violation of Rule 431(b) is *per se* reversible error and (2) concluded the error was harmless where (a) no evidence was presented that the jury was biased and (b) the evidence against the defendant was overwhelming. *Glasper*, 234 Ill. 2d at 199-201, 917 N.E.2d at 417-18.

We note in *Glasper*, the supreme court expressly limited its holding to the preamended version of Rule 431(b). As a result, that decision does not purport to govern the application of amended Rule 431(b), which is at issue in this case. *Glasper*, 234 Ill. 2d at 200, 917 N.E.2d at 418 (emphasizing "that this holding is limited to the version of Rule 431(b)(4) that was in effect at the time of the instant trial, and would not necessarily apply to subsequent versions of the rule").

In *Thompson*, however, the supreme court clarified Rule 431(b) questioning is not indispensable to a fair trial and a violation thereof does not necessitate automatic reversal under the second prong of the plain-error analysis. *Thompson*, 238 Ill. 2d at 614-15, 939 N.E.2d at 414. Specifically, the supreme court found the following:

> "A finding that defendant was tried by a biased jury would certainly satisfy the second prong of plain-error review because it would affect his right to a fair trial and challenge the integrity of the judicial process. Critically, however, defendant has not

- 10 -

presented any evidence that the jury was biased in this case. Defendant has the burden of persuasion on this issue. We cannot presume the jury was biased simply because the trial court erred in conducting the Rule 431(b) questioning." *Thompson*, 238 Ill. 2d at 614, 939 N.E.2d at 413-14.

The *Thompson* court held that because the defendant had failed to establish the court's Rule 431(b) violation resulted in a biased jury, the defendant had failed to meet his burden of showing the error affected the fairness of his trial and challenged the integrity of the judicial process. *Thompson*, 238 Ill. 2d at 615, 939 N.E.2d at 414.

The supreme court also made it clear its reasoning applied regardless of whether the analysis took place under the amended or preamended version of the rule. *Thompson*, 238 Ill. 2d at 614, 939 N.E.2d at 414 ("the failure to conduct Rule 431(b) questioning does not necessarily result in a biased jury, regardless of whether that questioning is mandatory or permissive under our rule"). The court found while amended Rule 431(b) serves to promote the selection of an impartial jury, it is only one method of helping ensure the selection of an impartial jury and "is not the only means of achieving that objective." *Thompson*, 238 Ill. 2d at 614, 939 N.E.2d at 414. Finally, the supreme court held a Rule 431(b) violation "does not implicate a fundamental right or constitutional protection." *Thompson*, 238 Ill. 2d at 614-15, 939

- 11 -

N.E.2d at 414. Instead, a Rule 431(b) violation "only involves a violation of [supreme court] rules." *Thompson*, 238 Ill. 2d at 615, 939 N.E.2d at 414.

In this case, all four *Zehr* principles were addressed to each juror at some point during *voir dire*, and the evidence presented at trial against defendant was overwhelming. In addition, the jury received IPI Criminal 4th Nos. 2.03 and 2.04, regarding the presumption of innocence, the State's burden of proof, and defendant's decision not to testify. Most important, defendant does not show the jury acted with bias in reaching its verdict. See *Thompson*, 238 Ill. 2d at 611, 939 N.E.2d at 412 ("Despite the trial court's failure to comply with Rule 431(b) in this case, there is no evidence that defendant was tried by a biased jury."). We conclude the court's error did not rise to the level of plain error. Accordingly, defendant has forfeited his Rule 431(b) claim.

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.