THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY L. YOUNG, Defendant-Appellant.

Fourth District   No. 4—08—0143

Opinion filed February 18, 2009.

Michael J. Pelletier, Gary R. Peterson, and Jacqueline L. Bullard, all of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In June 2007, as part of a partially negotiated plea agreement, defendant, Jeffrey L. Young, pleaded guilty to unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2006)), in return for the State's agreement to cap its sentence recommendation at a maximum 12-year prison term. In September 2007, the trial court sentenced defendant to 11 years' imprisonment.

Defendant appeals, arguing the trial court failed to properly admonish him regarding his appeal rights, pursuant to Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)) (effective October 1, 2001). Defendant requests that we remand with directions that the court properly admonish him and allow him to file postsentencing motions. The State concedes the error, and we agree.

# I. BACKGROUND

In March 2007, the State charged defendant with one count of unlawful delivery of more than 1 but less than 15 grams of cocaine to an undercover police officer. Defendant pleaded guilty in exchange for a 12-year sentence cap. The trial court sentenced defendant as stated.

Following the imposition of defendant's sentence, the trial court admonished defendant that in order to appeal, he would "need to file, within the next 30 days, a written motion asking [the court] to reconsider [his] sentence or to have judgment vacated and for leave to withdraw [his] plea of guilty."

In October 2007, defendant filed a motion to reconsider sentence, which the trial court denied.

This appeal followed.

# II. ANALYSIS

On appeal, defendant argues, and the State concedes, the trial court incorrectly told defendant that to appeal he could file *either* a motion to reconsider sentence *or* for leave to withdraw his guilty plea.

## A. Standard of Review

The supreme court's rules are not aspirational; rather, they have the force of law. *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). Trial courts must strictly comply with the admonition requirements of Rule 605. See *People v. Jamison*, 181 Ill. 2d 24, 31, 690 N.E.2d 995, 998 (1998). A trial court's compliance with the admonition requirements of Supreme Court Rule 605 is reviewed *de novo*. *People v. Taylor*, 345 Ill. App. 3d 1064, 1083, 804 N.E.2d 116, 131 (2004).

## B. Trial Court's Admonishment

The record shows that after sentencing defendant, the court admonished him regarding his right to appeal, stating:

> "[Y]ou have the right to appeal from the judgment entered by the court. However, prior to taking an appeal, you would first need to file, within the next 30 days, a written motion asking me to reconsider your sentence *or* to have judgment vacated and for leave to withdraw your plea of guilty." (Emphasis added.)

This admonition mirrors the requirements of Rule 605(b)(2), applicable to *nonnegotiated* pleas of guilty. See 210 Ill. 2d R. 605(b)(2) (effective October 1, 2001) ("prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the mo-

tion"). In this case, however, defendant entered into a *negotiated* plea agreement in exchange for a sentence cap.

## C. Appeal Requirements

### 1. *Nonnegotiated Plea*

Pursuant to Rule 604(d), a defendant may not appeal from a judgment entered upon a nonnegotiated plea of guilty unless (1) he files a timely motion to reconsider, if challenging only his sentence; or (2) if challenging his plea, files a timely motion to withdraw his guilty plea and vacate the judgment. 210 Ill. 2d R. 604(d) (effective July 1, 2006); *In re J.T.*, 221 Ill. 2d 338, 346, 851 N.E.2d 1, 6 (2006) ("Rule 604(d) requires that in order to appeal from a judgment entered upon a [nonnegotiated] plea of guilty, a defendant must first file in the trial court a written motion to either withdraw his guilty plea or reconsider the sentence").

### 2. *Negotiated Plea*

In the case of a "negotiated plea," however, a defendant cannot challenge his sentence without filing a timely motion to withdraw his guilty plea and vacate the judgment. 210 Ill. 2d R. 604(d) ("no appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment"). This has been the case since rule amendments effective in 2000. Compare 188 Ill. 2d R. 604(d) (effective November 1, 2000) (defining a "negotiated" plea and adding separate appeal requirements therefor), with 145 Ill. 2d R. 604(d) (effective August 1, 1992); compare 188 Ill. 2d R. 605(c) (effective November 1, 2000) (defining a "negotiated" plea and adding separate admonitions therefor), with 145 Ill. 2d R. 605(b) (effective August 1, 1992).

## D. Admonition Requirements

Supreme Court Rules 604(d) and 605 are intended to work together. *Jamison*, 181 Ill. 2d at 27, 690 N.E.2d at 997.

### 1. *Nonnegotiated Plea Admonitions*

Rule 605(b) applies to nonnegotiated pleas and requires the trial court to admonish the defendant he may file a motion (1) to reconsider sentence or (2) to have the judgment vacated and for leave to withdraw the plea of guilty. 210 Ill. 2d R. 605(b)(2).

### 2. *Negotiated Plea Admonitions*

Rule 605(c) provides when a defendant enters into a negotiated plea of guilty, the trial court shall advise him of certain appeal rights and requirements. 210 Ill. 2d R. 605(c). Specifically, the rule provides

in pertinent part that, after imposing sentence, the court "shall" advise the defendant of the following:

"[P]rior to taking an appeal[,] the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a *written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty*, setting forth the grounds for the motion[.]" (Emphasis added.) 210 Ill. 2d R. 605(c).

## E. Defendant Was Not Properly Admonished

In this case, defendant pleaded guilty in exchange for a recommended sentencing cap. As a result, defendant was required to file a motion to withdraw his guilty plea, as opposed to a motion to reconsider sentence, within 30 days after the entry of the sentencing judgment. See *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999) (when a defendant agrees to plead guilty in exchange for a recommended sentencing cap, he must first file a motion to withdraw his guilty plea before he can challenge the sentence imposed). The trial court was required to advise defendant that he had to file a motion to withdraw his plea in conjunction with any challenge to his sentence. See 210 Ill. 2d R. 605(c).

We find the trial court admonished defendant consistent with the requirements of Rule 605(b), applicable to nonnegotiated pleas of guilty, rather than in accordance with Rule 605(c), pertaining to negotiated pleas of guilty.

The lack of proper admonishment requires a remand for the purpose of receiving new admonishments strictly complying with Rule 605 and the filing of new postsentencing motions under Rule 604(d). *People v. Flowers*, 208 Ill. 2d 291, 301, 802 N.E.2d 1174, 1180-81 (2003); *Jamison*, 181 Ill. 2d at 29-30, 690 N.E.2d at 998.

## III. CONCLUSION

For the reasons stated, we remand the cause for further proceedings consistent with this order.

Remanded with directions.

TURNER and STEIGMANN, JJ., concur.