**NOTICE**
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220881-U

NOS. 4-22-0881, 4-23-0038 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Schuyler County |
| SHON D. LEAL, | ) | Nos.   22CF3 |
| Defendant-Appellant. | ) | 22CF9 |
| | ) | |
| | ) | Honorable |
| | ) | Jerry J. Hooker, |
| | | Judge Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice DeArmond and Justice Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court remanded for strict compliance with Illinois Supreme Court
Rule 605(c) (eff. Oct. 1, 2001) admonishments.

¶ 2     In September 2022, the trial court sentenced defendant, Shon D. Leal, to five

years' imprisonment pursuant to a partially negotiated plea agreement. In exchange for

defendant's plea, the State agreed to cap its sentencing recommendation at five years. On

September 30, 2022, defendant filed a *pro se* "Motion to Rethink Appeal Case." The court

neither docketed the matter nor conducted further proceedings. Defendant appeals, arguing the

court failed to properly admonish him of his appeal rights in substantial compliance with Illinois

Supreme Court Rule 605(c) (eff. Oct. 1, 2001). The State disagrees that the court's

admonishments were deficient but concedes defendant's *pro se* filing should not have been

characterized as a notice of appeal and thus remand is required. We remand for proper admonishments in accordance with Rule 605(c).

¶ 3                                    I. BACKGROUND

¶ 4        On February 1, 2022, in Schuyler County case No. 22-CF-3, defendant was charged with unlawful possession of methamphetamine (count I) (720 ILCS 646/60(a), (b)(1) (West 2020)) and unlawful possession of drug paraphernalia (count II) (720 ILCS 600/3.5(a) (West 2020)). On March 23, 2022, defendant, in Schuyler County case No. 22-CF-9, was charged with one count of unlawful possession of methamphetamine (count I) (720 ILCS 646/60(a), (b)(2) (West 2020)), one count of driving without a valid driver's license (count II) (625 ILCS 5/6-101 (West 2020)), and one count of illegal transportation of alcohol (count III) (625 ILCS 5/11-502 (West 2020)).

¶ 5        On June 1, 2022, the parties informed the trial court they had reached a "negotiation." Thereafter, defendant pleaded guilty to count I in case No. 22-CF-3 and count I in case No. 22-CF-9. In exchange, the State agreed to cap its sentencing recommendation to five years in prison and dismiss the remaining counts.

¶ 6        The trial court held a consolidated sentencing hearing on September 7, 2022. At the close of evidence, noting defendant's prior criminal history and the need for deterrence, the State recommended a sentence of two years' imprisonment in case No. 22-CF-3 and a three-year sentence in case No. 22-CF-9, to be served consecutively. In response, defense counsel requested a sentence of probation, arguing, "the purpose of using [methamphetamine] was to try to be a more productive and harder working, longer-working individual at his employment, which of course has landed [defendant] here." The court, after hearing arguments from the parties and defendant's statement in allocution, sentenced defendant to consecutive prison terms of two

years in case No. 22-CF-3 and three years in case No. 22-CF-9. The court then admonished defendant of his right to appeal, stating:

"[Defendant], you have the right to—you can first file a motion for the Court to reconsider. You have to do that within three—or 30 days. It's got to be in writing. You've got to tell me all the reasons why you think the Court should reconsider its sentence. If I do that, I can only reconsider downward. I can't reconsider or give you more time than I've already given you because that's the cap.

If you don't wish to do that, you could ask the Court to—either file a written motion asking to vacate this sentence and for leave to get your plea of guilty back. You have to put all the reasons in there why you want your plea back. If I allowed that, then I would do just that, I would vacate everything we did, set these matters for trial. Any charges that the State dismissed or reduced, they could reinstate and they would all be set for trial. ***

If I denied that motion, you've got 30 days from that date to file your written motion to appeal that decision. In either one of those appeals, any claim of error you leave out is going to be waived, you can't bring it up later."

Defendant indicated he understood the court's recitation of his appeal rights.

¶ 7        On September 30, 2022, defendant, *pro se*, filed a document, entitled "Motion to Rethink Appeal Case." Defendant alleged he was unable to review evidence or speak with his lawyer. Defendant further asserted that "[on] the night in question I did not have any drugs and I

would like to show you the things that happened or didn't happen." The trial court did not address defendant's filing, nor did it docket the matter for further proceedings.

¶ 8        Defendant's notice of appeal in case No. 22-CF-9 was filed on October 3, 2022. On January 24, 2023, defendant filed a motion for leave to file a late notice of appeal in case No. 22-CF-3, which we granted. Defendant's appeal in case No. 22-CF-9 was docketed as appellate court case No. 4-22-0881. Defendant's appeal in case No. 22-CF-3 was docketed as appellate court case No. 4-23-0038. In March 2023, this court granted defendant's motion to consolidate the appeals.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        On appeal, defendant argues the trial court failed to properly admonish him of his appeal rights under Rule 605(c). In the alternative, defendant argues his *pro se* motion should have been resolved during postplea proceedings rather than being construed as a request to file a notice of appeal.

¶ 12        The State concedes the matter must be remanded for further proceedings based on the filing of defendant's *pro se* motion. However, the State disagrees that the trial court's admonishments were deficient. For the reasons that follow, we conclude that defendant was improperly admonished under Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) following his sentencing, when he should have been admonished pursuant to Rule 605(c).

¶ 13        "[A] negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). To challenge a sentence after entering a

- 4 -

negotiated guilty plea, a defendant must first file a motion to withdraw the guilty plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). See *People v. Linder*, 186 Ill. 2d 67, 68 (1999). Specifically, Rule 604(d) states, in pertinent part, as follows:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

"Rule 605(b) and Rule 605(c), which complement Rule 604(d) and serve as a corollary to the requirements of Rule 604(d), provide the admonitions the trial judge must give a defendant when imposing sentence on a defendant who has pled guilty." *People v. Dominguez*, 2012 IL 111336, ¶ 13.

¶ 14        When a defendant enters a negotiated plea of guilty, a trial judge must give the admonishments included in Rule 605(c). *People v. Perry*, 2014 IL App (1st) 122584, ¶ 15. Rule 605(c) provides, "prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion." Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). Conversely, a defendant who enters an open or blind plea of guilty and subsequently wishes to appeal his sentence must first file a motion seeking

reconsideration of his sentence or vacatur of the judgment and leave to withdraw his guilty plea. See Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001).

¶ 15    Rule 605(c) must be strictly complied with "in that the admonitions *must* be given." (Emphasis in original.) *Dominguez*, 2012 IL 111336, ¶ 21. However, the rule "need not be read nearly verbatim." *Dominguez*, 2012 IL 111336, ¶ 22. "Rather, *** the court must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Dominguez*, 2012 IL 111336, ¶ 22. "So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Dominguez*, 2012 IL 111336, ¶ 22. "A trial court's compliance with the admonition requirements of Supreme Court Rule 605 is reviewed *de novo*." *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 16    In *Young*, the defendant pleaded guilty to a drug offense, and in exchange, the State agreed to cap its sentencing recommendation at 12 years' imprisonment. *Young*, 387 Ill. App. 3d at 1127. The trial court sentenced the defendant to 11 years in prison and admonished the defendant that in order to appeal, he would need to file "a written motion asking [the court] to reconsider [his] sentence or to have judgment vacated and for leave to withdraw [his] plea of guilty." *Young*, 387 Ill. App. 3d at 1127. Subsequently, the defendant filed an incorrect motion, which was denied by the trial court. *Young*, 387 Ill. App. 3d at 1127. Because the trial court incorrectly admonished the defendant in strict compliance with Rule 605(b) and not Rule 605(c), this court remanded the case so the trial court could strictly comply with Rule 605 and properly provide the correct negotiated plea admonishments. *Young*, 387 Ill. App. 3d at 1129.

¶ 17　　　　　Here, defendant pleaded guilty in exchange for the State's agreement to cap its sentencing recommendation to five years' imprisonment. As a result, defendant was required to file a motion to withdraw his guilty plea within the applicable 30-day period, as opposed to a motion to reconsider the sentence. The trial court, pursuant to Rule 605(c), was required to admonish defendant he must file a motion to withdraw his guilty plea in conjunction with any challenge to his sentence. As in *Young*, the court incorrectly admonished defendant in strict compliance with Rule 605(b), not Rule 605(c). As a result, defendant filed an incorrect postsentencing motion. When a trial court fails to properly admonish a defendant pursuant to Rule 605 following a guilty plea, the correct remedy is to remand for proper Rule 605 admonishments and the filing of new postsentencing motions under Rule 604(d). *Young*, 387 Ill. App. 3d at 1129.

¶ 18　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　　For the reasons stated, we remand the cause for further proceedings consistent with this order.

¶ 20　　　　　Remanded.