NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230270-U

NO. 4-23-0270

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 21, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| EZEKIEL N. JACKSON, | ) | No. 19CF271 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court reversed and remanded, holding (1) the trial court failed to substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) and, as a result, (2) the admonition exception applies to excuse defendant's noncompliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2   In July 2022, defendant, Ezekiel N. Jackson, entered a negotiated plea to aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2018)). At the sentencing hearing, defendant made an oral motion to withdraw his guilty plea, which the trial court took up and denied. The court then admonished defendant of the requirement to file a written motion to withdraw his guilty plea within 30 days to perfect an appeal. Thereafter, the court allowed the filing of defendant's notice of appeal without him first filing a motion to withdraw his plea.

¶ 3   On appeal, defendant acknowledges his failure to file a timely postplea motion as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) but contends this does not

preclude his appeal because the trial court's admonitions did not comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). On that basis, defendant asks that we remand for proper admonitions and to allow him to file a new postplea motion. For the following reasons, we conclude the admonition exception excuses defendant's noncompliance with Rule 604(d).

¶ 4                                    I. BACKGROUND

¶ 5        In April 2019, the State charged defendant by information with one count each of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2018)), aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2018)), attempted armed robbery (720 ILCS 5/8-4(a), 18-2(a)(2) (West 2018)), attempted aggravated robbery (720 ILCS 5/8-4(a), 18-1(b)(1) (West 2018)), and aggravated assault (720 ILCS 5/12-2(c)(1) (West 2018)). In July 2022, defendant, proceeding *pro se*, pleaded guilty to one count of aggravated battery with a firearm pursuant to a negotiated plea. The sentencing hearing was continued until September at defendant's request.

¶ 6        On September 22, 2022, the trial court began the sentencing hearing by asking the parties to confirm if there was an agreed upon sentence. While defendant remained *pro se* at the sentencing hearing, attorney Daniel Noll represented defendant in Sangamon County case No. 21-CF-344, where he was charged with aggravated battery to a correctional officer. At the sentencing hearing, Noll informed the trial court defendant was confused about the amount of custody credit he was entitled to in both cases:

> "The point of contention comes down to credit for time served. As reflected in the presentence investigation report, [defendant] has credit of one thousand two hundred and seventy-six days.
>
> [Defendant] believes that he should also receive a credit of five hundred and five days that he has been in custody on the aggravated battery

[to a correctional officer] case. And that one thousand two hundred and seventy-six days should be credited to the robbery."

¶ 7 The State responded:

"These are consecutive cases. And as I understand [defendant], he is seeking for the five hundred and five days that he was in custody on the [aggravated battery to a correctional officer] that he also get credit in that same amount in the aggravated battery with a firearm [case]. I don't believe that could be allowed by law and I did propose to Mr. Noll that [defendant] can choose how he wants to allocate those five hundred and five days, but they can't go to both."

¶ 8 After hearing from the State, the trial court explained to defendant he could only receive credit for a total of 1276 days inclusive of 505 days—the latter could not be added to the former. Noll requested the opportunity to speak with defendant to determine if he wanted to move to withdraw his guilty plea in the aggravated battery with a firearm case in light of his misunderstanding of his eligibility for credit. Afterwards, Noll emphasized he did not represent defendant in that case and could not move to withdraw his plea. The colloquy between the court and defendant on this subject proceeded as follows:

"THE COURT: Very well. [Defendant], do you want to be heard on your motion to withdraw your guilty plea in [case No.] 19-CF-271?

THE DEFENDANT: Yes, sir.

THE COURT: Please.

THE DEFENDANT: Well, first of all, as we just recently took up the fact that I was not aware that I wouldn't be receiving my consecutive

- 3 -

time served. I did not realize how it was, you know what I'm saying, I never passed the bar so I don't know or understand the statute. Also when I plead [*sic*] out that day, they did—they threaten[ed] to incarcerate my little brother. That they would have the sentence or the plea bargaining that day. And I kind of sort of took it because I didn't want my little brother to go to jail."

¶ 9        The State responded:

"[Defendant] was certainly advised that these cases were consecutive in nature. He chose to represent himself. If he was confused about what implications that had for his credit time served, he has no one to blame but himself. He chose to represent himself.

And I believe it would have stood out to me if this Court told *** him he could have gotten credit for both cases simultaneously because I believe if I heard that, I believe I would have corrected that because I knew that to be false. So this Court should deny the motion to withdraw his plea at this time."

¶ 10        The trial court denied defendant's oral motion to withdraw his guilty plea. Thereafter, the court commenced the sentencing hearing and sentenced defendant to 10 years' imprisonment to be served at 85%, followed by 3 years' mandatory supervised release on the count of aggravated battery with a firearm. This sentence was to be served consecutively to defendant's sentence for aggravated battery to a correctional officer in Sangamon County case No. 21-CF-344. The court then delivered the following admonishments:

"You do have a right to appeal. Prior to taking an appeal, you must first file within thirty days of today a written motion asking to have the Trial Court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty setting forth the grounds for the motion.

If the motion [is] allowed, the sentence will be modified or the plea of guilty and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made.

Upon request of the State, any charges that were dismissed as part of the plea agreement will be reinstated and will also be set for trial.

If you are indigent, a copy of the transcript of proceedings will be provided to you for the plea of guilty and sentence without cost, and counsel would be appointed to assist you with preparation of the motions.

Any appeal from the judgment of the plea of guilty or on any issues in the motion to reconsider or vacate the judgment that are not brought up shall be deemed waived."

¶ 11　　At an October 18, 2022, hearing, Noll again raised defendant's position as to his entitlement to additional custody credit in both Sangamon County case No. 21-CF-344 and the instant case. Noll did so in connection with a motion to reconsider defendant's sentence filed in case No. 21-CF-344. The trial court denied this motion. After the court explained to defendant that Noll could not "file motions on cases that he's not [defendant's] attorney on," defendant asked how he could appeal. The court stated it "will just order it right now," and "[w]e can file that notice [of appeal] right now." The court clarified this applied to both cases. However, the clerk of the Sangamon County circuit court did not file defendant's notice of appeal until March 23, 2023.

Defendant filed a motion for a supervisory order with the Illinois Supreme Court. On September 28, 2023, the supreme court directed this court to treat the notice of appeal as a properly perfected appeal from the September 22, 2022, judgment.

¶ 12        As a result, pursuant to the supreme court's order, we consider defendant's appeal.

¶ 13                                II. ANALYSIS

¶ 14        On appeal, defendant argues the trial court's admonitions did not substantially comply with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). He acknowledges he did not file a written motion to withdraw his plea, which is a prerequisite to an appeal from a guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). However, he asserts that, because the court's admonitions did not substantially comply with Rule 605(c), the "admonition exception" excuses his noncompliance with Rule 604(d). Defendant contends it is "understandable" why he would not have filed a written motion because he received "confusing" and "contradictory" instructions and admonishments from the trial court. Specifically, the court entertained and denied his oral motion and then admonished him a written motion would be first required to perfect an appeal. Defendant requests we remand for proper admonitions and to allow him to file a new postplea motion.

¶ 15        As this appeal is from a judgment entered upon a negotiated plea of guilty, Illinois Supreme Court Rules 604(d) (eff. July 1, 2017) and 605(c) (eff. Oct. 1, 2001) apply. Rule 604(d) provides, in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court[,] *** if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
>         ***

The motion shall be in writing, and shall state the grounds therefor."

Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 16    "Rule 605(c), which complement[s] Rule 604(d) and serve[s] as a corollary to the requirements of Rule 604(d), provide[s] the admonitions the trial judge must give a defendant when imposing a sentence on a defendant who has pled guilty" pursuant to a negotiated plea. *People v. Dominguez*, 2012 IL 111336, ¶ 13, 976 N.E.2d 983. Rule 605(c) provides, in pertinent part:

> "In all cases in which a judgment is entered upon a negotiated plea of guilty,
> at the time of imposing sentence, the trial court shall advise the defendant
> substantially as follows:
>
> (1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial
> court, within 30 days of the date on which sentence is imposed, a written
> motion asking to have the judgment vacated and for leave to withdraw the
> plea of guilty, setting forth the grounds for the motion[.]"
>
> Ill. S. Ct. R. 605(c) (eff. Sept. 18, 2023).

¶ 17    As the Illinois Supreme Court has explained, "[t]he filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003). However, "[t]his rule is not without exceptions." *Flowers*, 208 Ill. 2d at 301.

> "Dismissal of an appeal based on a defendant's failure to file the requisite
> motions in the trial court would violate due process if the defendant did not
> know that filing such motions was necessary. [Citation.] Accordingly,

Supreme Court Rule 605 [citation] mandates that the trial court advise defendants, at the time sentence is imposed, of the procedural steps Rule 604(d) requires them to take in order to appeal. If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d). [Citation.]" *Flowers*, 208 Ill. 2d at 301.

¶ 18   While Rule 605(c) "must be strictly complied with in that the admonitions must be given to a defendant who has pled guilty," the "plain meaning of the rule requires only that a defendant be 'substantially' advised of the actual content of Rule 605(c)." *Dominguez*, 2012 IL 111336, ¶ 11. Rather than being required to read the contents of Rule 605(c) verbatim to a defendant, "the court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Dominguez*, 2012 IL 111336, ¶ 19. In sum, "[s]o long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Dominguez*, 2012 IL 111336, ¶ 22.

¶ 19   As it involves the interpretation of a supreme court rule, our review of the trial court's compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) is *de novo*. *Dominguez*, 2012 IL 111336, ¶ 13.

¶ 20   Here, defendant does not challenge the textual accuracy or sufficiency of the trial court's admonishments, though we note the court recited those prescribed in Rule 605(b) rather than 605(c). This alone, as we have recognized, would be sufficient to require remand for

- 8 -

admonishments under Rule 605(c). See *People v. Young*, 387 Ill. App. 3d 1126, 1129, 903 N.E.2d 434, 437 (2009) (finding "the trial court admonished defendant consistent with the requirements of Rule 605(b), applicable to nonnegotiated pleas of guilty, rather than in accordance with Rule 605(c), pertaining to negotiated pleas of guilty" and remanding for new admonishments). Defendant's contention here is the court erred by inconsistently admonishing defendant his motion to withdraw must be in writing to perfect an appeal after already taking up and denying an oral motion to withdraw a guilty plea and then directing a notice of appeal to be filed despite the lack of a written motion.

¶ 21    This appeal presents circumstances similar to those we considered in *People v. Jones*, 2013 IL App (4th) 120300, 992 N.E.2d 198. In *Jones*, the defendant entered into a fully negotiated plea agreement to one count of domestic battery in exchange for 24 months' probation and a period of jail time. *Jones*, 2013 IL App (4th) 120300, ¶ 4. On appeal, the defendant argued the trial court did not substantially comply with Rule 605(c) and "affirmatively misled [her] as to how to appeal her conviction." *Jones*, 2013 IL App (4th) 120300, ¶ 9. The record disclosed the court "specifically recalled telling defendant she had 30 days from the date of sentencing to file a notice of appeal." *Jones*, 2013 IL App (4th) 120300, ¶ 10. The record, however, disclosed "the court did not independently recall whether it verbally admonished defendant of the requirements of Rule 605(c)." *Jones*, 2013 IL App (4th) 120300, ¶ 10. Indeed, the defendant specifically recalled the court did not so admonish her. *Jones*, 2013 IL App (4th) 120300, ¶ 15. In sum:

> "The defendant, who was proceeding *pro se*, stated the trial court
> did not tell her she would need to file a motion to withdraw her guilty plea
> within 30 days if she wanted to preserve her right to appeal. Neither the
> court nor the State could specifically recall whether the court verbally

admonished defendant of this requirement." *Jones*, 2013 IL App (4th) 120300, ¶ 16.

¶ 22      Under the circumstances, we observed:

"Assuming *arguendo* the trial court told defendant she needed to file a motion to withdraw her guilty plea, *** the court provided the defendant with explicitly contradictory admonitions. The court noted it orally advised defendant 'she had the right to appeal the Judgment and Sentence of the Court and, that if she chose to do [so] that she would need to file a notice of appeal within 30 days of the date she was in court.' This is exactly what defendant did." *Jones*, 2013 IL App (4th) 120300, ¶ 17.

¶ 23      We therefore concluded the "[d]efendant's procedural due process rights would be violated if we dismissed her appeal when she followed the instructions of the trial court." *Jones*, 2013 IL App (4th) 120300, ¶ 18. We remanded for proper admonishments and the opportunity for the defendant to file a motion to withdraw her guilty plea. *Jones*, 2013 IL App (4th) 120300, ¶ 23.

¶ 24      Similarly, here, the trial court's acts of considering and denying an oral motion and then admonishing defendant the motion must be in writing were confusing and contradictory. Under the unique circumstances of this case, defendant could have been understandably disinclined to file a written motion arguing what he had just unsuccessfully asserted verbally. Moreover, on October 18, 2022, a date within the 30-day time period during which defendant arguably could have filed a written motion to withdraw his guilty plea, defendant asked the court how he could appeal. The court responded, "I will just order it right now," and "[w]e can file that notice [of appeal] right now." The court then ordered the filing of a notice of appeal. In doing so, the court undermined its previous admonishment regarding the requirement defendant submit a

*written* motion to withdraw his guilty plea before appealing. In other words, the court conveyed the impression all that was necessary to perfect an appeal was the notice of appeal, even though a written motion to withdraw the guilty plea is "a condition precedent to an appeal from a judgment on a plea of guilty." *Flowers*, 208 Ill. 2d at 300-01. If the court had properly admonished defendant at this time, he would have had a few days left to properly comply with Rule 604(d). Under these circumstances, "it would violate procedural due process rights to hold *** defendant responsible for noncompliance with the strictures of Rule 604(d)." *People v. Foster*, 171 Ill. 2d 469, 473, 665 N.E.2d 823, 825 (1996). Accordingly, remand to the trial court for proper admonishments and the opportunity for defendant to file a written postplea motion is "the appropriate course." *Flowers*, 208 Ill. 2d at 301.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons stated, we remand to the trial court for new postplea proceedings, including proper Rule 605(c) admonishments and the opportunity for defendant to file a new postplea motion.

¶ 27        Reversed and remanded.