NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230748-U

NO. 4-23-0748

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| MASON LAYNE WARREN, | ) | No. 16CF1175 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

_____

JUSTICE GRISCHOW delivered the judgment of the court.
Justices DeArmond and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court reversed the trial court's judgment denying defendant's
motion to withdraw his guilty plea and vacate his sentence, and the cause is
remanded with directions for (1) the trial court to properly admonish defendant
pursuant to Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024) and
(2) defense counsel to strictly comply with Illinois Supreme Court Rule 604(d)
(eff. Apr. 15, 2024).

¶ 2     After entering a partially negotiated plea agreement, defendant, Mason Layne

Warren, was convicted of one count of aggravated battery with a firearm (720 ILCS

5/12-3.05(e)(1) (West 2016)) and sentenced to 18 years in prison. On appeal, defendant argues

(1) his attorney failed to file a sufficient postplea motion and strictly comply with Illinois

Supreme Court Rule 604(d) (eff. July 1, 2017); (2) the trial court erred in denying his postplea

motion based on ineffective assistance of counsel and the discovery of new evidence; and,

alternatively, (3) his postplea attorney was ineffective for not including in the motion an

additional meritorious ground to vacate his guilty plea. For the following reasons, we vacate and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4         On August 31, 2016, defendant, Mason Layne Warren, was charged by indictment with one count of attempted first degree murder while using a firearm (720 ILCS 5/8-4(a), 9-1(a)(2) (West 2016)) and four counts of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2016)). According to the indictment, on May 6, 2016, defendant knowingly and intentionally shot Tevin Miller multiple times in the abdomen, chest, side, and thigh, causing him great bodily harm. On September 23, 2019, the parties presented a partially negotiated plea agreement wherein defendant agreed to plead guilty to one count of aggravated battery with a firearm, the State agreed to dismiss all other counts, and the State agreed to propose a cap of 20 years on defendant's sentence. After hearing the State's statement of facts supporting the guilty plea, the trial court questioned defendant about his background, his understanding of the partially negotiated plea agreement, and his understanding of the potential sentence under the agreement. The court accepted the plea agreement, and the case was set for sentencing. Several witnesses testified at the hearing on December 4, 2019, and defendant was sentenced to 18 years in prison.

¶ 5         After the hearing, defendant's attorney, David Vella, stated his intention to file a motion to withdraw defendant's guilty plea and a motion to reconsider the sentence. The trial court explained defendant could not file a motion to reconsider his sentence because it was a negotiated plea. Defense counsel disagreed but also acknowledged the court "could be right." The court suggested counsel research the issue to be sure to file the proper motion in accordance with Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001), expressing the following concerns:

"So all I'm saying is I'd like whatever you want to file research the three versions of Rule 605 and what you want to accomplish under what you believe to be the type of plea that was entered. I believe it to be a negotiated plea, because I believe there were concessions made because certainly there were more serious charges dismissed as a part of the plea. And whether that puts you under 605(a), (b), or (c) that's up to you and Mr. Warren. But I'd be careful about what type of motion that you file, because I'd rather do this only once."

¶ 6　　　　Immediately following this exchange, the trial court admonished defendant of his right to appeal pursuant to Rule 605(b), expressly stating, "What I'm going to read to Mr. Warren today, because it's the Court's obligation on imposition of sentence to give the defendant appellate rights, is the admonitions on judgment and sentence entered on a plea of guilty, which is Supreme Court Rule 605(b)." After giving the Rule 605(b) admonishments, the court said:

"Then the statute further says, for purposes of this Rule, a negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence or a specific range of sentence or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending. This is a case in which there was an agreed cap represented to the Court. The court agreed to accept the cap. And so the 605(b) is what I believe to be the appropriate appellate admonishments."

¶ 7        After defendant stated he understood the admonishments, the court continued: "And I'll leave it to you and your attorney to determine which motions you believe are appropriate. I'll leave it to you and your attorney and specifically your attorney to do the research on the form of certificate that needs to accompany the motion or motions. And I'll leave it to your attorney to get that done in the 30 day window provided."

Later, defendant asked the court to read his appeal rights again to make sure he understood. The court then admonished defendant of his rights a second time, again expressly stating he was referring to Rule 605(b). The court noted "(a), (b), and (c) are the choices. And I know (a) doesn't apply because that's a trial."

¶ 8        On December 20, 2019, defendant filed a motion to vacate his guilty plea, arguing he was not properly advised of his appeal rights and new evidence (communications from Miller reviewed after the plea agreement) called into question the voluntariness of his plea and supported a claim of self-defense. On October 26, 2020, the trial court allowed defendant's attorney, Vella, to withdraw as counsel because defendant believed he provided ineffective assistance. Defendant proceeded *pro se* until an assistant public defender, Angela Moloney, was appointed to represent him on June 8, 2021.

¶ 9        On June 28, 2022, defendant filed an amended motion to withdraw his guilty plea, asking the trial court to vacate the judgment or reduce or modify his sentence. Defendant alleged: (1) his guilty plea was not knowing and voluntary because he did not understand the terms of the negotiated plea; (2) he "was incorrectly advised by [Vella] that he could immediately file a motion to reconsider sentence after the hearing"; (3) Vella failed to properly preserve his right to

- 4 -

challenge his sentence as excessive; (4) Vella was ineffective for failing to acquire exculpatory and mitigating evidence that was known at the time to support a claim of self-defense; (5) Vella "did not advise the Defendant that he had the option to testify under oath at his sentencing hearing, only of his right to allocution"; and (6) he had a defense worthy of consideration based new evidence further supporting a claim of self-defense. Defendant's attorney, Moloney, filed a Rule 604(d) certificate, attesting she consulted with defendant, examined the record, and "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." The State filed a response on August 12, 2022.

¶ 10        On multiple dates, beginning on October 4, 2022, a hearing was held on defendant's amended motion. Several witnesses testified. Defendant testified it was his understanding that the 20-year sentencing cap would include the 3 years of mandatory supervised release, so his maximum incarceration period would have been 17 years. Defendant stated Vella told him he believed defendant would only be sentenced to a "single digit sentence," and if it were more, Vella would file a motion to reconsider the sentence. Vella told defendant he could ask to reconsider the sentence immediately after the hearing. Defendant also acknowledged discussing with Vella a plan to file an ineffective assistance of counsel claim against Vella if he was given more than a single digit sentence. The trial court denied the motion on August 3, 2023.

¶ 11        This appeal followed.

¶ 12                        II. ANALYSIS

¶ 13        Defendant contends his counsel failed to file a sufficient postplea motion and strictly comply with Rule 604(d), the trial court erred in denying his postplea motion based on ineffective assistance of counsel and the discovery of new evidence, and his counsel was also

ineffective for not presenting an alternative meritorious ground to vacate his guilty plea. For the following reasons, we vacate and remand.

¶ 14		Rule 604(d) establishes the procedures that must be followed when a defendant seeks to appeal from a judgment entered upon a plea of guilty. *In re H.L.*, 2015 IL 118529, ¶ 7. When a defendant has entered into a negotiated guilty plea, the rule requires the defendant to file, within 30 days of sentencing, a motion to withdraw the guilty plea and vacate the judgment in order to challenge his or her sentence as excessive. Ill. S.C. R. 604(d) (eff. July 1, 2017). "[A]ny issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Furthermore, the rule requires defense counsel to file a certificate of compliance, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 15		Strict compliance with Rule 604(d) is required. When a defense counsel's certificate fails to strictly comply with the rule, this court must remand the matter to the trial court to allow the defendant the opportunity to file a new postplea motion and hold a new hearing on the motion. *People v. Gorss*, 2022 IL 126464, ¶ 19. Generally, a reviewing court will

consider the certificate itself to evaluate compliance with Rule 604(d). *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). However, even if counsel files a facially valid certificate of compliance, this court may consult the record to determine whether counsel did, in fact, fulfill his or her obligations under the rule. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. When facts supporting the contentions of error do not appear on the record, the failure to attach a supporting affidavit or provide any other evidence in support of the motion supports the conclusion that counsel failed to fulfill his or her duty. *Bridges*, 2017 IL App (2d) 150718, ¶ 9. We review *de novo* defense counsel's compliance with Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 30.

¶ 16　　　　In this case, defendant's motion to withdraw his guilty plea was based upon, *inter alia*, claims of ineffective assistance of counsel during the postplea proceedings. To withdraw a guilty plea based upon ineffective assistance of counsel, a defendant must demonstrate counsel's performance fell below an objective standard of reasonableness and he was prejudiced because of that deficient performance. *People v. Valdez*, 2016 IL 119860, ¶ 14 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "To establish prejudice in the guilty plea context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Valdez*, 2016 IL 119860, ¶ 29 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *People v. Hughes*, 2012 IL 112817, ¶ 63).

¶ 17　　　　The State concedes defendant's postplea motion to withdraw his guilty plea failed to allege facts demonstrating prejudice. The State further concedes that during the hearing on the motion, defendant testified his postplea counsel misadvised him regarding the guilty plea, his sentence as it related to mandatory supervised release, and the procedures by which he was

entitled to file a motion to reconsider his sentence. However, the State acknowledges the record is devoid of any affidavits, documentation, or testimony showing defendant would not have pleaded guilty and would have instead insisted on going to trial if not for his counsel's deficient performance. After reviewing the record, we confirm these concessions.

¶ 18    We find counsel failed to make any amendments to the motion necessary for the adequate presentation of any defects in the postplea proceedings by failing to allege facts or provide supporting affidavits establishing prejudice. Thus, the record refutes defense counsel's certification that she complied with Rule 604(d), and this matter must be remanded to allow defendant the opportunity to file a new postplea motion and have a new hearing on the motion.

¶ 19    Our review of the record revealed a further error in the postplea proceedings. In this case, the trial court was presented with and accepted a partially negotiated plea agreement. The record reveals the court acknowledged this was a negotiated plea agreement on numerous occasions. However, the court admonished defendant of his appeal rights and requirements in accordance with Rule 605(b), which expressly applies to judgments and sentences entered on a plea of guilty "other than a negotiated plea of guilty." Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). The court erroneously admonished defendant under this section of the rule not once, but twice. Having entered a negotiated plea agreement, the proper admonishments to be given to defendant in this case were those set forth in Rule 605(c). "The lack of proper admonishment requires a remand for the purpose of receiving new admonishments strictly complying with Rule 605 and the filing of new postsentencing motions under Rule 604(d)." *People v. Young*, 387 Ill. App. 3d 1126, 1129 (2009).

¶ 20    Because defendant has not been provided with full and fair postplea proceedings in this case, we vacate the trial court's order denying defendant's postplea motion to withdraw

his guilty plea and vacate his sentence. We remand this case for further proceedings so defendant may receive the proper admonishments under Rule 605(c) and so he may file a new postplea motion under Rule 604(d).

¶ 21                                III. CONCLUSION

¶ 22        For the reasons stated, we vacate the trial court's judgment and remand for further proceedings consistent with this decision.

¶ 23        Vacated and remanded.