2025 IL App (4th) 241535-U

NO. 4-24-1535

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

FILED
August 20, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| PAYTON KELLEY, | ) | No. 23CF604 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Steigmann and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court remanded to the trial court for proper admonishments pursuant to Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024).

¶ 2    Defendant, Payton Kelley, pled guilty to one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2022)) in exchange for a sentencing cap of 37 years in the Illinois Department of Corrections (IDOC). He was later sentenced to the maximum term under the cap. Defendant appeals, arguing the trial court failed to properly admonish him at his sentencing hearing pursuant to Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024). The State concedes the error.

¶ 3    We accept the State's concession and remand.

¶ 4                                I. BACKGROUND

¶ 5    On August 8, 2023, defendant was charged with one count of predatory criminal

sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1) (West 2022)), for committing an act of sexual intercourse with an individual under 13 years of age.

On May 13, 2024, defendant appeared in court to enter a negotiated guilty plea to the single charged offense. In exchange for his plea, he received a sentencing cap that reduced his possible maximum sentence from 60 years to 37 years. After hearing a factual basis for the plea and confirming with defendant that it was voluntarily entered, the trial court accepted the plea.

¶ 6 On July 17, 2024, the trial court held a sentencing hearing. Following defendant's statement in allocution and arguments from the parties, the court sentenced defendant to the maximum sentence possible of 37 years in IDOC, with 3 years to life of mandatory supervised release. After delivering its sentence, the court admonished defendant as follows:

"Appeal rights. Prior to taking an appeal, [defendant], you must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty setting forth the grounds in the motion.

If the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made. Upon the request of the State, any charges that may have been dismissed as part of the plea agreement would then be reinstated and also set for trial.

If you are a poor person, a copy of the transcript of the proceedings at the time of your guilty plea and sentencing would be provided to you without cost and counsel would be appointed to assist you with preparation of the motions. In any

appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and withdraw the plea of guilty will be deemed waived."

¶ 7    On August 15, 2024, defendant filed a motion to reconsider his sentence, arguing that his sentence was excessive, the trial court failed to consider or give sufficient weight to certain factors in mitigation, and the court placed too much emphasis on certain factors in aggravation. Following a hearing on the motion, defendant's sentence was reduced to 30 years.

¶ 8    This appeal followed.

¶ 9                    II. ANALYSIS

¶ 10    Defendant argues he was not properly admonished pursuant to Illinois Supreme Court Rule 605(c) (eff. Apr. 15, 2024) at the conclusion of his sentencing hearing. The State concedes the error, and we agree.

¶ 11    Rule 605(c) contains admonishments that must be provided to a defendant at the time he is sentenced pursuant to a negotiated guilty plea. Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024). Those admonishments are as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." *Id.*

Rule 605(c) defines a negotiated plea as "one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." *Id.* Rule 605(c) must be strictly complied with, and failure to do so requires remand for proper admonishment. *People v. Dominguez*, 2012 IL 111336, ¶ 11. While compliance with Rule 605(c) does not require a verbatim reading of the rule, a defendant must be substantially advised as to the rule's contents. *Id.* In other words, a defendant must be "properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea." *Id.* ¶ 22. We review a trial court's compliance with the admonishment requirements of Rule 605(c) *de novo*. *People v. Young*, 387 Ill. App. 3d 1126, 1127 (2009).

¶ 12        Here, defendant entered a negotiated guilty plea in which the State agreed to cap its sentence recommendation at 37 years in IDOC. Pursuant to Rule 605(c), the trial court was required to admonish defendant that, prior to taking an appeal, he must file a written motion asking

- 4 -

to have the judgment vacated and for leave to withdraw the plea of guilty. Ill. S. Ct. R. 605(c) (eff. Apr. 15, 2024). The court failed to do this; instead, it told defendant that, before appealing, he must file "a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty." In making this statement, the court failed to comply with Rule 605(c), as it incorrectly advised defendant that his appeal rights could be preserved by filing a motion to reconsider his sentence. While this is true of a nonnegotiated guilty plea, it is not true of a negotiated guilty plea, as was the plea in the instant case. See Ill. S. Ct. R. 605(b)(2) (eff. Apr. 15, 2024). As a result, this case must be remanded so defendant can be properly admonished pursuant to Rule 605(c) and given the opportunity to file a motion to withdraw his plea if he so chooses. See *Young*, 387 Ill. App. 3d at 1129.

¶ 13                                    III. CONCLUSION

¶ 14            For the reasons stated, we remand for further proceedings consistent with this order.

¶ 15            Remanded with directions.