NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240531-U

NO. 4-24-0531

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 27, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| SAGE N. RAEUBER, | ) | No. 21CF650 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court's admonitions substantially complied with Illinois Supreme Court Rule 605(c) (eff. Dec. 7, 2023), which sets forth admonishments given in cases in which a judgment is entered upon a negotiated plea of guilty.

¶ 2     Pursuant to a negotiated plea agreement, defendant, Sage N. Raeuber, pleaded guilty to first degree murder (720 ILCS 5/9-1(a)(1) (West 2020)), attempted first degree murder (*id.* § 8-4(a), 9-1(a)(1)), and conspiracy to commit murder (*id.* § 8-2(a), 9-1(a)(1)). Defendant was sentenced to 30 years in prison. Defendant appeals, arguing the cause should be remanded because the trial court did not provide adequate admonishments as required under Illinois Supreme Court Rule 605(c) (eff. Dec. 7, 2023). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On November 18, 2021, a grand jury indicted defendant on two counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2020)) (counts I and II), attempted first degree

murder (*id.* § 8-4(a), 9-1(a)(1) (count III), home invasion (*id.* § 19-6(a)(2)) (count IV), and conspiracy to commit first degree murder (*id.* § 8-2(a), 9-1(a)(1)) (count V). On January 16, 2024, the parties agreed to a fully negotiated plea agreement wherein defendant would plead guilty to counts I, III, and V in exchange for a recommended sentence of 30 years in prison. At the hearing on the proposed plea agreement, defense counsel recited the terms of the agreement. The trial court then asked defendant a series of questions to ascertain her understanding of the plea agreement and its implications. The colloquy between the court and defendant reflects all the terms and conditions were recited, defendant indicated her comprehension and acceptance of the terms, and the court indicated its satisfaction that it was made knowingly and voluntarily.

¶ 5        The trial court followed up with a series of additional questions for defendant. Defendant indicated she reviewed and understood the plea paperwork, she reviewed the terms of her plea agreement with defense counsel, and defense counsel answered any questions she had. The court recited the possible penalties for each charge and told defendant she could have "persisted in [a] plea of not guilty and requested a trial by judge or jury." Defendant acknowledged this. Defendant confirmed she was not forced, coerced, or threatened to enter into the agreement. The court then outlined the sentence. The court accepted defendant's guilty plea and sentenced her accordingly. The court then admonished defendant as follows:

> "THE COURT: You have a right to appeal. Prior to taking
> an appeal, you must file, [defendant], in the trial court within 30
> days of today's date on which sentence is imposed a written
> motion asking to have the judgment vacated and for leave to
> withdraw your plea of guilty setting forth the grounds for the
> motion. If the motion is allowed, the plea of guilty, sentence, and

judgment will be vacated and a trial set on the charges to which the plea of guilty was made. At the request of the State, any charges that may have been dismissed as part of a plea agreement will be reinstated and also set for trial. If you're indigent, you would get a copy of the transcript from the proceedings today at the time of your plea of guilty and sentence. It would be provided to you at no cost, and an attorney would be appointed to assist you with preparation of the motions. In any appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the motion to reconsider the sentence or vacate the judgment and withdraw the plea of guilty shall be deemed waived."

¶ 6        On March 20, 2024, the clerk of the court received defendant's *pro se* motion for a reduction of sentence and notice of appeal. Defendant provided separate proofs of service accompanying both the motion for a reduction of sentence and the notice of appeal. Each proof of service claimed defendant placed the corresponding documents in the mail at Logan Correctional Center (Logan) on February 6, 2024. The record contains copies of both proofs of service showing the documents were notarized six weeks later, on March 15, 2024. The motion for a reduction of sentence was a form that stated, "NOW COMES the defendant, Sage Raeuber, *pro se*, in order to give notice of intention to file MOTION FOR REDUCTION OF SENTENCE before the Court." The motion did not include any grounds to support the requested relief, and no other supporting documents were filed.  On March 26, 2024, the court appointed the Office of the State Appellate Defender as counsel on appeal.

¶ 7          On April 8, 2024, defendant's motion for a reduction of sentence (730 ILCS 5/5-4.5-50(d) (West 2022)) was denied by the trial court for untimeliness.

¶ 8          On August 7, 2024, defendant moved for leave to file a late notice of appeal, which we granted.

¶ 9          This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11          Defendant argues the trial court failed to strictly comply with Illinois Supreme Court Rule 605(c) (eff. Dec. 7, 2023). More specifically, defendant argues the court erred when it advised her that she could preserve appellate issues by filing either a motion to reconsider her sentence or vacate the judgment and withdraw her plea of guilty. Alternatively, defendant argues, at a minimum, she should have had counsel appointed to her after she submitted her postplea motion.

¶ 12          To appeal from a guilty plea, a defendant must first file a motion to withdraw the guilty plea within 30 days of the day sentence is imposed. Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023). A defendant's failure to meet the postplea motion requirements under Rule 604(d) can result in the loss of his or her right to a direct appeal. *People v. Dunn*, 342 Ill. App. 3d 872, 878 (2003). There is an exception where an appellate court may entertain an appeal despite a defendant's noncompliance with the Rule 604(d) written-motion requirements if the trial court failed to properly admonish defendant. *People v. Foster*, 171 Ill. 2d 469, 473 (1996). Rules 605(b) and 605(c), which complement Rule 604(d), provide the admonitions a trial judge must give at sentencing when a defendant has pled guilty. *People v. Jamison*, 181 Ill. 2d 24, 27 (1998). Rule 605(c) states that upon a negotiated guilty plea, at the time of sentencing, the court must advise the defendant substantially as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon request of the State any changes that may have been dismissed as part of a plea agreement will be reinstated and will also be set for trial;

(5) that if defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Dec. 7, 2023).

¶ 13    The trial court must substantially comply with Rule 605(c). *People v. Dominguez*, 2012 IL 111336, ¶¶ 17-19. As explained by our supreme court in *Dominguez*:

"[B]ased on the plain meaning of Rule 605(c), the rule must be strictly complied with in that the admonitions must be given to a defendant who had pled guilty. Failure to do so requires remand for proper admonishment. However, the plain meaning of the rule requires only that a defendant be 'substantially' advised of the actual content of Rule 605(c). A verbatim reading of the rule is not required." *Id.* ¶ 11.

¶ 14       The trial court's compliance with the admonition requirements of Rule 605(c) is reviewed *de novo*. *People v. Taylor*, 345 Ill. App. 3d 1064, 1083 (2004).

¶ 15              A. Defendant's Filing of the Motion to Reduce Sentence

¶ 16       In support of her argument that the trial court's admonitions did not comply with the rule, defendant points to the admonition set forth in Rule 605(c)(6), which provides that a defendant must be told "[t]hat in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c)(6) (eff. Dec. 7, 2023). Here, the court admonished defendant, "In any appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the *motion to reconsider the sentence* or vacate the judgment and withdraw the plea of guilty shall be deemed waived." (Emphasis added.) After our review, we find no error.

¶ 17              1. *Defendant Mischaracterizes Her Postplea Motion*

¶ 18       Defendant argues she did not file a motion to withdraw her plea, but instead, she filed a motion to reconsider her sentence. She quotes this court's decision in *People v. Jones*, 2013 IL App (4th) 120300, ¶ 18, wherein we stated, "Defendant's due process rights would be

violated if we dismissed her appeal when she followed the instructions of the court." Defendant argues that is what happened here: "the court told [defendant] that she could file a motion to reconsider sentence and she followed the court's instructions."

¶ 19    Defendant's claim is a mischaracterization of the facts. It is true that the trial court added "motion to reconsider" during its Rule 605(c)(6) admonition. However, defendant's argument is disingenuous because she never filed a motion to "reconsider" her sentence. Instead, defendant filed a form motion for a "reduction" of her sentence, with no supporting arguments or evidence, something the court never instructed her to do. Defendant's brief continuously mischaracterizes the motion for a reduction of sentence as a motion to reconsider her sentence while claiming she simply followed the court's admonishment.

¶ 20    *2. The Trial Court Substantially Complied with Rule 605(c)*

¶ 21    This court acknowledges the trial court's admonition was imperfect when it added the phrase "motion to reconsider" during its Rule 605(c)(6) admonishment. However, a verbatim reading of the rule is not required, and we find the court substantially complied with the Rule 605(c) admonitions. In *Dominguez*, the supreme court noted, "Simply because the circuit court used the phrase 'return to the courtroom' [(which would have been impossible because he was in custody)] does not indicate defendant was not substantially put on notice of what he must do within 30 days to withdraw his guilty plea." *Dominguez*, 2012 IL 111336, ¶ 43. Similarly, the mistaken addition of a phrase here did not change the fact that defendant was substantially notified of what she must do to withdraw her guilty plea. "[T]he court must impart to a defendant largely that which is specified in the rule, or the rule's 'essence,' as opposed to 'wholly' what is specified in the rule." *Id.* ¶ 19. A court substantially complies with the rule "[s]o long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the

rule." *Id.* ¶ 22. Here, all five subsections of Rule 605(c) were read word-for-word. The mistaken addition of "motion to reconsider the sentence" at the end of the Rule 605(c)(6) admonishment did not confuse or contradict the essence of the requirements of the rule. Moreover, defendant did not take any action because of the admonishment by the court, not even pursuant to the erroneous admonishment that she may file a motion to reconsider.

¶ 22          Despite this, the issue before this court should never arise. Rule 605(c), containing the admonitions a trial court must give a defendant who has just pleaded guilty, is not that long. Given the frequency of guilty pleas, trial courts should have a copy of that rule on their benches and refer to it after imposing the sentence. Doing so would prevent a trial court from misstating the admonitions, as happened here.

¶ 23          3. *Defendant Was Not Misled Into Filing an Incorrect Postplea Motion*

¶ 24          Defendant erroneously filed a motion for a reduction of sentence following her sentencing hearing. The trial court never instructed defendant to file a motion for a reduction of sentence, nor is there any record of her ever filing a motion to reconsider her sentence. Defendant cites *People v. Young*, 387 Ill. App. 3d 1126 (2009), arguing it is analogous and provides a reason to remand this case. We disagree. In *Young*, this court found error when the trial court admonished the defendant, "prior to taking an appeal, [he] would first need to file, within the next 30 days, a written motion asking [the court] to reconsider [his] sentence or to have judgment vacated and for leave to withdraw [his] plea of guilty." (Internal quotation marks omitted.) *Id.* at 1127. The defendant in *Young* then filed a motion to reconsider the sentence, which the trial court denied. *Id.* Contrary to how defendant was advised, he was required to file a motion to withdraw his guilty plea, as opposed to a motion to reconsider the sentence. Although the trial court in *Young* erroneously added "motion to reconsider" as an option for the defendant,

the critical distinction is that in *Young*, the defendant then did in fact file a motion to reconsider. By contrast, in this case, defendant did not file a motion to "reconsider." Instead, defendant filed a form motion for a "reduction" of her sentence, a motion that was neither mentioned by the court nor provided in any statute or appellate court rules following a negotiated plea agreement. Unlike in *Young*, the record in this case does not demonstrate defendant was misled by the admonishments given by the trial court because she did not take any action contemplated by the admonishment. See *Dominguez*, 2012 IL 111336, ¶ 53 (noting the need for a defendant to show they were misled by the oral admonishments).

¶ 25        B. The Timeliness of Defendant's Notice of Appeal and Postplea Motion

¶ 26        Defendant argues her notice of appeal and motion for a reduction of sentence were timely filed. Having been sentenced on January 16, 2024, defendant is correct that the motion for reduction of sentence and the original notice of appeal, dated February 6, 2024, were filed within 30 days pursuant to the mailbox rule. Pleadings "are considered timely filed on the day they are placed in the prison mail system by an incarcerated defendant." *People v. Shines*, 2015 IL App (1st) 121070, ¶ 31. However, to rely on the date of mailing as the filing date, a defendant must also provide proof of service that complies with Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017). *People v. Liner*, 2015 IL App (3d) 140167, ¶ 13. Rule 12(b)(6) requires the proof of service to (1) be certified in accordance with section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2020)) and (2) state the time and place of mailing and the complete address to which the document was to be delivered. Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017); see *People v. Shunick*, 2022 IL App (4th) 220019, ¶ 17.

¶ 27        Here, defendant placed her pleadings, reflecting the date this was done along with the address of the courthouse, in the institutional mail at Logan along with a proof/certificate of

service dated February 6, 2024. However, the proof/certificate of service was not notarized until March 15, 2024, and filed stamped by the circuit clerk on March 20, 2024. Even though there is no explanation for the six-week delay between mailing and notarization by a notary public, the proof/certificate of service complied with all requirements under Rule 12(b)(6), making the motion timely. However, the timeliness of the documents does not change the outcome of this case. Defendant still filed the wrong postplea motion, which was not because of the court's direction. Moreover, no exception applied to excuse defendant's erroneous postplea motion because the trial court substantially complied in its admonishments.

¶ 28                    C. Defendant Was Appointed Counsel

¶ 29        As a final note, defendant argues, at the very least, the trial court should have appointed her counsel once she filed a motion for a reduction of sentence. The record reveals defendant's *pro se* motion for a reduction of sentence was received and filed by the circuit clerk on March 20, 2024. Defendant simultaneously submitted a *pro se* notice of appeal that was received and file stamped by the circuit clerk that same day. Six days later, on March 26, 2024, the court appointed the Office of the State Appellate Defender to represent defendant in her appeal. Defense counsel successfully preserved defendant's opportunity to appeal by seeking and obtaining leave to file a late notice of appeal. Given the timeline of defendant's postplea filings, her claim that she was denied counsel is without merit. Defendant was entitled to counsel, and the court appropriately appointed counsel.

¶ 30                              III. CONCLUSION

¶ 31        For the reasons stated, we affirm the trial court's judgment.

¶ 32        Affirmed.